Graham agt. McCoun and others.

## SUPREME COURT.

GRAHAM agt. McCOUN AND OTHERS.

An answer which is required to be verified is not duly served, unless a copy of the answer and of the affidavit of verification are both served.

The omission of the name of the magistrate before whom such affidavit is taken in the copy served, renders the service irregular.

*Schenectady Special Term, April* 1851. The plaintiff moved for judgment for want of an answer. It appears that the complaint was duly verified, and an answer thereto was prepared and duly verified in season, and a copy thereof served on the plaintiff's attorney; but in the copy served the name of the magistrate before whom the affidavit to the answer was sworn to, was omitted by mistake. It was immediately added, and re-served, but not in time.

B. F. AGAN, *for the Motion.*

J. PIERSON, *Contra.*

WILLARD, Justice.—The only question in the case is whether the omission in the copy served, of the name of the officer, before whom the answer was verified, renders the service irregular.

Under the former practice, the court held in Livingston vs. Cheetham, that the omission of the jurat and signature of the party to a copy of an affidavit on which a motion was made, formed no objection to the service (2 *J. R.* 479). That case has been followed in similar cases, ever since. But that case-is different from the present. The opposing party could ascertain whether the original papers were sworn to, by raising the objection on the argument. The original being present could be inspected; and whether inspected or not, it is not to be presumed that the court would grant a motion founded upon an affidavit not regularly verified. But in the case of an affidavit to a pleading, the party on whom it is served has no means of knowing whether the original was sworn to, without sending to the clerk's office to inspect it. In Chase vs. Edwards (2 *Wend.* 283), it was held

45

that where the jurat was an essential part of the affidavit without which it would be unintelligible, a copy of it should be served with the affidavit. The *name* of the officer, they say, may be omitted but not the *date* of the jurat.

Under the former practice, pleas in abatement were required to be verified by affidavit, and to be filed with the affidavit. And in the English practice where the parties procured copies from the office, the omission to file an affidavit with the plea, justified the plaintiff in treating it as a nullity and signing judgment as for want of a plea (1 *Str.* 639; 2 *Ld. Ray.* 1409; 2 *Arch, Pr. p.* 2).

In this state, after the adoption of the rules of April term 1796, requiring pleadings to be served, and computing the time to answer, from the time of the service of a copy of the pleading and notice of the rule, and up to the time of the adoption of the Code, the party was held to be bound by the pleading served (Smith vs. Wells, 6 *J. R.* 286). He had a right, therefore, to assume that the original on file was in all respects like the copy served. If the parties required that the plea should be verified, a copy of the plea, and of the affidavit of verification must be served. If the copy of the affidavit did not contain the name of the officer to the jurat, the opposite party had a right to presume that the original was not sworn to, and to act accordingly. Such was the practice when the Code took effect.

The Code is entirely silent on the present question. It requires, indeed, all pleadings to be subscribed by the party, or his attorney (§ 156), and points out the mode of service (§ 408 to 412). It does not, in terms, require the affidavit, accompanying the pleading, to be served at all; nor does it declare the effect of an omission to verify the pleading, when a verification is required. These points are, therefore, left to be decided by the well settled principles of practice in analogous cases. It follows, that a copy of the entire affidavit verifying a pleading should be served with the pleading, and if that affidavit be defective, the adverse party may treat it as a nullity, and return it or move to set aside the pleading. The omission of the name of the officer, before whom

the answer was sworn to, was a defect for which the plaintiff might treat the service as a nullity. He had a right to assume that the original was not sworn to at all.

As the answer was in fact sworn to and contains a defence, the defendant is permitted, within ten days after service of a copy of this rule and on the payment of ten dollars costs, to serve a corrected copy. The plaintiff's motion for judgment is therefore denied.