## SUPREME COURT.

### COURTER AND OTHERS, agt. McNAMARA.

Upon an application for an order of arrest or an injunction, the judge to whom the application is made is to require an undertaking on the part of the plaintiff *with or without sureties*, (which means with or without *security*.) (*Code,* §§ 182, 222.) When the judge, in his discretion, sees fit to require security, it is left to him to satisfy himself in respect to the *sufficiency* of such security; that is, whether the undertaking shall be signed by one or more sureties.

If no security is required, the plaintiff shall justify in the manner prescribed.

The provision of the 184th section of the Code, which requires the sheriff, upon arresting the defendant, to *deliver to him the copy of the order*, is merely *directory*, and the omission to deliver such copy at most would be an irregularity, which might be cured under § 174.

Where, upon an application for an order of arrest, it is charged that the defendant is about to dispose of his property with intent to defraud his creditors, the judge must have legal evidence tending to convict the defendant of such charge before granting the order. The weight and conclusiveness of such evidence is in the discretion, and to be decided by the judge, and his decision, like that of a jury upon the weight of evidence, is *conclusive*.

*Albany Special Term, Feb.* 1854. Motion to set aside order of arrest.

The affidavit upon which the order was granted, states that the action was brought to recover the amount due upon an account for advances made, and supplies furnished to the defendant, and his laborers, while engaged as a contractor upon the Albany and Susquehanna Railroad; that on the first of February, when the summons in this action was served upon the defendant, he stated that he had $1050 in his house, but that the plaintiffs, should not have a red cent of it, that he intended to leave for California in a few days, and the plaintiffs might whistle for their pay; that it appears from the records in the clerk's office in Albany, that the defendant had, on the 10th of January, executed a mortgage to Bernard Brady, his brother-in-law, to secure the payment of $1050, payable in six years, and that another mortgage to John Costigan, to secure the payment of $1000, was recorded on the 17th of January, that two other mortgages, executed by the defendant to Ann Cahill,

one for $700, and the other for $250, appear upon the records, that upon inquiry the mortgaged premises had been found to be worth about $2000, and that the defendant had no other property to levy amount. Upon these facts and circumstances, it was charged that the defendant had already disposed of a portion of his property with intent to defraud his creditors, and that he was about to dispose of his property with the like intent.

Before the order was made, an undertaking was executed by Alonzo Ferguson, on the part of the plaintiffs, in the form prescribed by law, and the party executing the undertaking made his affidavit to the effect that he was a resident and a householder within the state, and worth double the sum specified in the undertaking, over all his debts and liabilities. It was also duly acknowledged.

Upon the arrest, the sheriff omitted to deliver to the defendant a copy of the order upon which the arrest was made. The defendant moved to set aside the order of arrest upon the ground, 1. That the undertaking was insufficient; 2. That no copy of the order of arrest had been served on the defendant; and, 3. That the affidavit produced before the judge who made the order was insufficient.

> L. Tremain, *for Plaintiffs.*
> L. D. Holstein, *for Defendant.*

Harris, Justice. Upon an appeal to the court of appeals the undertaking must be executed by " at least two sureties." (*Code,* § 334.) When property is to be taken from the defendant and delivered to the plaintiff, an undertaking must be executed by " one or more sureties." (*Code,* § 209.) If the defendant wishes to retain the property, he must give an undertaking, executed " by two or more sufficient sureties." (*Code,* § 211.) If, when the property is claimed by a third person, the plaintiff would still have it delivered to him, he must give an undertaking executed " by two sufficient sureties." (*Code,* § 216.) And so, in every other case in which an undertaking is required, the number of sureties is specified, except when

application is to be made for a *provisional* remedy. See *Code*, §§ 56, 238, 187, 292, 224, 356. But upon application for an order of arrest, or an injunction, the judge to whom the application is made is to require an undertaking " on the part of the plaintiff, with or without sureties." See *Code*, §§ 182, 222. The matter is thus referred to the discretion of the judge, to determine whether any security shall be required or not. The only restraint upon the exercise of this discretion is, that, if no security is required, the plaintiff shall justify in the manner prescribed. When, in the discharge of his official duty, the judge sees fit to require security, it is left to him to satisfy himself in respect to the sufficiency of such security. Unlike the other cases in which security is to be given, the number of sureties is not prescribed. By the terms " with or without sureties," I understand the legislature to mean with or without *security*, only that, if security is given, it must be security by sureties. The word *surety* is used in the same sense in the 230th section, where it is provided that, upon issuing a warrant of attachment, the judge shall require an undertaking to be executed on the part of the plaintiff, " with sufficient surety." As I understand it, the meaning of this is, that the judge shall require security to be given; but it is left to him to determine upon the sufficiency of that security. If an undertaking executed by one surety is deemed sufficient, the law is satisfied. If more are required, more must be given. So, in case of the order for arrest, the judge may not require security at all; but, if he does, he is to determine upon the sufficiency of the security. It may be one or more sureties. The only restriction upon his discretion, if security is required at all, is, that the form of the security shall be by the execution of an undertaking by one or more sureties. This, I think, is all that the provisions of the sections in question contemplate. If so, it follows that there was no irregularity in granting the order of arrest upon an undertaking executed by one surety.

Nor should the order of arrest be set aside because the sheriff omitted, when he made the arrest, to deliver to the defendant a copy of the order. Even if the *arrest* itself was rendered illegal by the omission, the *order* was not affected by it. But

I think the provision of the 184th section of the Code, which requires the sheriff, upon arresting the defendant, to deliver to him a copy of the order, is merely directory, and the omission, at most, would be an irregularity; such an irregularity, too, as might be cured under the provision of the 174th section of the Code, which declares that "whenever *any proceeding* taken by a party fails to conform in any respect to the provisions of the Code, the court may, in its discretion and upon such terms as may be just, permit an amendment of such proceedings, so as to make it conformable thereto."

The only other question is, whether the facts stated in the affidavit were sufficient to authorize the judge to make the order. The charge was, that the defendant was about to dispose of his property with intent to defraud his creditors. To sustain the order, there must have been before the judge, when he granted it, legal evidence tending to convict the defendant of this charge. It was for him to judge of the weight and conclusiveness of that evidence. His decision, like that of a jury upon the weight of evidence, is conclusive. No other judge, though he might differ from him in respect to his conclusion, has the legal right to pronounce the order void.

In this case, the defendant having encumbered all his visible property to its full value, and that, too, under circumstances calculated, to say the least, to justify the suspicion that he had not acted in good faith, declared his purpose of going to California, and set the plaintiffs at defiance. He admitted that he had money, to the amount of $1,050, but declared that the plaintiffs should not have a cent of it. The facts positively stated were sufficient, I think, to warrant the judge in finding that the defendant was about to leave the state, and that he intended to take his property, consisting of the money in his possession, with him; and that it was his design thus to remove himself and his property beyond the jurisdiction of the courts of this state, so that he should not be compelled to apply his money to the payment of his debts. If so, he rendered himself liable to arrest, and the order was properly granted. The motion must, therefore, be denied, but without costs.