## SUPREME COURT.

STEPHEN A. BARKER and others agt. WILLIAM L. COOK.

It is not necessary to the validity of an *order of arrest* that the *copy affidavit* served by the sheriff should contain copies of the *signature of the party* to it, and of the *officer to the jurat;* nor to show that the original affidavit was thus signed.

*New York General Term, June,* 1863.
*Before Justices* SUTHERLAND, CLERKE and MULLIN.

APPEAL from an order at special term vacating an order of arrest in this action.

JOHN N. LEWIS, *for appellants.*
HENRY M. WHITEHEAD, *for respondent.*

SUTHERLAND, P. Justice. It does not appear from the appeal papers upon what ground the judge at special term

vacated the order of arrest.    If, as stated by plaintiff's counsel, he vacated it exclusively on the ground that the copy affidavit served contained no signatures or copy signatures, I think he erred.

If no copy or paper purporting to be a copy of the affidavit had been served by the sheriff upon arresting the defendant, such omission would, I think, have been an irregularity only, and would not have entitled the defendant to his discharge.    (*Keeler* agt. *Betts*, 3 *Code R.*, 183; *Courter* agt. *McNamara*, 9 *How. Pr. R.*, 255.)

The provision of the Code, requiring the sheriff to deliver a copy of the order and affidavit to the defendant upon arresting, is directory merely.

The facts stated in the affidavit upon which the order of arrest was granted to show that the defendant had removed or disposed of, or was about to remove or dispose of, his property with intent to defraud his creditors, are certainly slight.

MULLIN, J.    The matters stated in the affidavit on which the order of arrest was granted, authorized the order of arrest.    But the copy affidavit served was not subscribed by the party, nor did it purport to show that the original paper was signed by any affiant, nor was the jurat signed by any officer authorized to administer oaths, nor did it purport that the original was signed by any such officer.    If it was necessary to the validity of the order that these names should appear from the copy to have been signed to the original, then the order of arrest was correctly vacated, otherwise not.

In *Graham* agt. *McCoun*, (5 *How.*, 353,) Justice WIL-LARD reversed the practice as to the necessity of serving the signatures of the affiant and officer to an affidavit, and he came to the conclusion that in cases where the opposite party had an opportunity to inspect the original, and

it was properly signed, it was not necessary to annex such signatures to the copy, nor that the copy should purport that the original was so signed; but when such opportunity was not given, as in the verification of pleas in abatement under the former, and of pleadings under the new practice, the papers served must contain the signatures, or they may be disregarded. The cases cited by the learned justice sustain his views of the practice.

It follows that the affidavit in this case is not one which must contain the names.

The copy affidavit served was not void.

If it was irregular, the order to show cause did not point out the irregularity, and hence the order could not, under the rules, be vacated for that reason.

I am of opinion the order of arrest was improperly vacated, and the order of the special term should be reversed, with ten dollars costs.