## NEW YORK COMMON PLEAS.

### JOHN BRODSKY agt. ANTON IHMS.

Where a creditor, to whom a debt was honestly due, made oath to facts, respecting the debtor's leaving the state to defraud, &c., sufficient to justify the granting of an order for the *arrest* of the debtor; and on motion to vacate this order, a denial under oath was made by the debtor of *all the allegations* upon which the order was granted; but a fact then appeared that the debtor had a large amount of personal property in his possession, and was about departing from the state refusing to pay such debt:

*Held*, that on the appearance of this latter fact, it was entitled to be considered by the judge hearing the motion, as a circumstance sufficient in itself to warrant a *disbelief of the affidavit of the debtor*, so far as it conflicted with the positively sworn statements of the creditor.

*New York General Term, July,* 1863.
DALY, BRADY and HILTON, *Judges.*

APPEAL from an order at special term denying motion
to vacate an order of arrest.

By the court, HILTON, J. The plaintiff claims to re-
cover in this action about $90 due from the defendant,
mostly from October, 1860, for cooperage work and ma-
terials furnished. On an affidavit showing that the de-
fendant was about removing his property from this state
to Alexandria, Virginia, with intent to defraud his cre-
ditors, an order of arrest was granted, which the defend-
ant, on motion, sought to have vacated. It then appeared,
however, that, in addition to the conceded fact that the
defendant had closed up his business in this city and
opened a store in Alexandria, he had a stock of goods on
hand amounting to $4,000, and only owed about $1,200,
of which $900 had yet to mature ; also, that his wife had
taken up her abode in Alexandria, for the purpose of
attending to the business there during his absence. To
these statements he added a denial of all the allegations
in the áffidavit on which the order of arrest was granted,
but did not dispute his indebtedness on the claim in suit,
but averred his intention to pay it.

The case, then, upon the affidavits presented itself
thus : A creditor, to whom a small claim for labor and
materials had long been due, made oath to sufficient to
justify the granting of an order for the arrest of his
debtor, upon the ground that he was about removing his
property from the state with intent to defraud his cre-
ditors. On the motion to vacate this order, a denial
under oath was made by the debtor of all the allegations
upon which the order was granted ; but a matetial fact
then appeared, which exhibited the character of the party
making the denial, and was entitled to be considered by
the judge hearing the motion, as a circumstance sufficient

in *itself* to warrant a disbelief of the affidavit of the debtor so far as it conflicted with the positively sworn statements of the creditor. That fact was, that the debtor, with $4,000 of personal property in his possession, was departing from the state, refusing to pay an honest debt of less than $100, and unwilling to apply any portion of this large amount of property to the liquidation of so small a demand.

I think a debtor evincing such a disposition is not entitled to any particular consideration at the hands of a court of justice, much less should his averments be re-garded as of equal weight with that of a pursuing creditor, the honesty of whose claim stands undisputed.

The order should be affirmed.

DALY, F. J., *dissenting*. As the action was upon contract, the defendant could be arrested only for fraud in contracting the debt, or upon the ground that he had removed or disposed of his property, or was about to do so, with intent to defraud his creditors. There is no evidence of any fraud in contracting the debt; but what is relied upon as maintaining his arrest is a statement on his part that he meant to continue in his business in Alexandria, Virginia, until the close of the war, when he intended to go with his family to Germany, to remain there and not to return to the city of New York; that he sold his entire stock of goods and all his property in this city, and received the proceeds; that it was his intention to go in a few days after to Alexandria, and that he told the plaintiff that he intended to buy more goods in the city, and not to pay for them.

The defendant denies everything in the plaintiff's affidavit, except the fact that he meant to go to Alexandria, where he has a place of business, and the fact that he sold a lot of wines and vinegar at auction in the city, from which sale he realized about five hundred dollars,

the whole of which he applied in payment of these debts, which he specifies. Two of the creditors named make. affidavits of the payment made to them, and the other creditor's affidavit, the defendant testifies, could not be obtained in consequence of his absence. The defendant further testifies that he is not, as alleged in the plaintiff's affidavit, greatly embarrassed in his pecuniary circumstances; that his debts amount to the sum of $1,150, $250 of which was due, and $900 of which was to become due in four months from the time of making his affidavit, and that his stock of goods was worth over $4,000.

Upon this state of facts I do not see how the order of arrest can be sustained. Where the arrest is founded upon extrinsic facts, wholly unconnected with the cause of action, the defendant's denial of the facts is as good as the plaintiff's assertion of them. (*Republic of Mexico* agt. *Arrangois*, 5 *Duer*, 634, 641–2; *Geller* agt. *Seixas*, 4 *Abb.*, 103.) What is positively alleged in the plaintiff's affidavit is as positively denied in the affidavit of the defendant, and there being no other evidence the statement of the one is no weightier than that of the other. Where such is the case, there is no discretion to be exercised. If the plaintiff can furnish nothing in addition to his own statement, his affidavit is no stronger than that of the defendant. The one neutralizes the other, and the arrest must be discharged.

In *Courtier* agt. *McNamara*, (9 *How.*, 258,) Justice HARRIS declares, that where a judge makes an order for the arrest of a defendant, it is for him to judge of the weight and conclusiveness of the evidence; that his decision, like that of a jury upon the weight of evidence, is conclusive, and that no other judge, though he differ from him, has the legal right to pronounce the order void. I doubt if the rule as to the conclusiveness of the finding of a jury upon conflicting evidence has any application to a motion

where the evidence is not, as in the case of a jury, given orally, but is presented in the form of affidavit. An appellate tribunal, in my judgment, is just as competent to pass upon a question presented upon affidavits, as the judge who first heard the motion. All that he had before him, they have before them, and are therefore as fully possessed of the case as he could have been. But where a cause is tried in court upon oral testimony, it is very different. The witnesses are examined and cross-examined in the view and hearing of the jury, who are consequently better able to pass upon the question of their credibility, where the evidence is conflicting, than an appellate tribunal could possibly be. This reason, however, does not apply where the question arises upon affidavits which one judge may pass upon as intelligibly as another. In the present case, no such question as the weight of evidence is presented. The evidence is exactly balanced. The intrinsic character of conflicting affidavits, when taken together, might, in certain cases, be such as to entitle one to outweigh the other in the scale of presumptive probability; but not in this case, as one party particularly denies every material fact which the other party states. For these reasons I think the order appealed from should be reversed.