CHARLES PARDEE *v.* DAVID K. LEITCH ; JOHN PACKWOOD V. SAME DEFENDANT.

(GENERAL TERM, FOURTH DEPARTMENT, JUNE, 1872.)

An attachment upon shares of bank stock, and other property incapable of manual delivery, can only be executed where the property is held by a corporation or association by leaving a certified copy of the warrant with the officers or managing agent of such association or corporation, mentioned in section 235 of the Code.

It is not a good execution of an attachment, under that section, if the warrant is left with a person not an officer or managing agent of the association, who forwards it by mail to such an agent, by whom it is received.

It is ground for setting aside a sale of bank shares, under execution issued upon a judgment in an action, that the shares have not been attached at the commencement of the action.

The proper and only remedy of the judgment debtor, whose shares have been unlawfully sold under the execution, is by motion to set aside the sale.

Where an assignee in bankruptcy of such judgment debtor has been appointed, he represents not only the debtor but also his creditors, and therefore is the proper person to make such motion.

One who has, by assignment from the purchaser at the sale, become vested with the interest of such purchaser in the property sold, is a proper and necessary party to such motion.

MOTIONS to set aside a sale under execution. The grounds of such motions, and the questions raised and decided, sufficiently appear by the opinion.

*William J. Wallace*, for the appellants.

*Hiscock, Gifford & Doheny*, for the respondents.

Present—MULLIN, P. J. ; JOHNSON and TALCOTT, JJ.

By the Court—JOHNSON, J.    It is clear enough that Doheny, the defendant's assignee in bankruptcy, is a proper party to make these motions to set aside the sales under the executions issued upon the judgments in the above-entitled actions. The ground of the motions is that the sales were irregular and void, being sales of property not liable to be

sold on execution, unless it had been first levied upon by an attachment at the commencement of the action, and which had not been so levied upon. The judgment debtor could have made the motion, but for his discharge in bankruptcy, and his assignee in bankruptcy, who represents not only the judgment debtor but all his creditors, is the only person by whom it can properly be made. (*Gould* v. *Mortimer*, 26 How. Pr. R., 167.) It is equally clear that Earll was a proper party moved against in the motion. The plaintiffs in the judgments purchased at the sheriff's sale, and Earll is the assignee or purchaser of the rights thus acquired by them. He takes the rights they acquired by their purchase, and can have no other or greater. It has always been held that a person not a party to a judgment, by appearing and bidding and making a purchase at a judicial sale, became so far a party to the action as to make him a proper and necessary party to a motion to set aside such sale. For the same reason an assignee of a party to the judgment, who purchases at the sale, is a proper and necessary party to such a motion. The proceeding by motion, in a case like this, to set aside the sale, is the proper form for obtaining the remedy. Indeed, it is the only remedy which the law allows to a party to the action, or to the representative of his rights and interests in the transaction.

The question then arises whether the sale by the sheriff of the property in question was not irregular, and void; or voidable at the election of the defendant in the judgment or his assignee in bankruptcy. The property which the sheriff undertook to sell, and the plaintiffs in the judgment undertook to purchase at the sale, was the right and interest of the defendant in the judgments, in 107 shares of the stock of Tompkins County Bank, and seventy-three shares of the stock of the Bank of Syracuse, of the par value of $100 per share.

This stock had been transferred to the American Express Company, and stood in its name on the books of the respective banks. Before the commencement of these actions, an

Pardee *v.* Leitch.

action had been commenced by the defendant and others against the American Express Company to recover this stock, and a judgment had been rendered in their favor, by which it was adjudged and determined that they were the owners of the stock, and that the express company had no title thereto. The express company had appealed from this judgment to the General Term of the Supreme Court, where the judgment was affirmed; and from the latter decision to the Court of Appeals, where the appeal was pending when these actions were commenced. The property and interests of the defendant were therefore of a character which could not be sold on execution, unless it had been previously levied upon, and was held by the sheriff under the attachments issued in the actions. When the actions were commenced the defendant was out of the State, and they were commenced by attachment and summons. No copy of the attachments was served upon any officer of either of the banks, nor upon any person who was, or ever had been, either president or other head of the American Express Company, or secretary, or cashier, or managing agent thereof.

The execution of the attachment by the sheriff was by service of a certified copy of the attachment, with a notice of the defendant's interest in the bank stock upon one Alfred Higgins as the agent of the American Express Company, and upon the attorneys of the defendant in the action against the express company.

Higgins was never an officer or managing agent of the express company. He had once been a servant or employe of that company; and even that connection had ceased some two years before the commencement of these actions. The attachment had, therefore, never been executed upon, or in respect to, this property; and the sheriff, by virtue thereof, had never acquired any interest in it or control over it whatever. The service of the copy and notice upon the defendant's attorneys in the other action was a mere nullity. The Code (§ 235) directs how the attachment shall be executed in regard to property of the description of that in question, and

upon whom, in such a case, service shall be made; and it can be lawfully executed in no other way. Until it is executed in the manner there prescribed, the property is not in the custody of the law or its officer, and no lien is created in favor of any one by reason of its having been issued.

Even if Fargo, under the circumstances, could be properly regarded as the managing agent of the American Express Company, the act of Higgins, in sending the copy of the attachment and notice served upon him by letter to Fargo, was no execution of the attachment for any purpose. It was not an official act, any more than any other piece of information communicated by one unofficial person to another.

Whether, therefore, the defendant's right or title, at the time the attachments were issued, had vested in the bank stock, or was inchoate, and vested in the judgment against the express company, the attachments were never executed by the sheriff upon the property, in either form, and no lien or claim was ever fastened upon it.

The sale, under the executions issued upon the judgments, was, therefore, irregular and wholly void, and conferred no right or title upon the purchasers, or their assignees, and was properly set aside.

The order must, therefore, be affirmed, with ten dollars costs of appeal.

Order affirmed.