THE BANK OF HAVANA, RESPONDENT, v. LEWIS W. MOORE AND ANOTHER, APPELLANTS.

*Order of arrest — defects in copies of papers served — effect of — Renewal of motion — when leave must be obtained.*

Where the papers upon which an order of arrest is granted are perfect, the fact that the copies which are served upon the defendant are defective, is not a ground for setting aside the order.

*Barker* v. *Cook* (40 Barb., 254) followed.

A motion once denied cannot be renewed as a matter of right, except upon a different state of facts arising subsequent to the decision of the former motion.

APPEAL from an order made at the Special Term on July 27th, 1875, denying a motion to vacate an order of arrest, and from an order made on the 24th day of August, 1875, denying a motion for leave to renew this motion and to vacate the order of arrest.

The order was granted upon a verified complaint and affidavits. The copy of the complaint served upon the defendant was defective in that the affidavit was not signed and that there was no jurat. The copy of the order of arrest served was defective in not stating the sum in which the defendant was to be held to bail.

*S. C. Keeler*, for the plaintiff.

*Jno. J. Van Allen*, for the defendants.

LEARNED, P. J.:

The imperfections in the copy of the order of arrest, and of the affidavits on which it was granted, are not grounds for setting the order aside. (*Barker* v. *Cook*, 40 Barb., 254.) The order was granted under subdivision 5, section 179, on the ground that the defendant had removed or disposed of his property, or was about to do so, with intent to defraud his creditors. Without stating all the affidavits in detail, it is enough to say that Moore stated the claim of S. D. Wood against the firm to be unjust, and made a proposition to the plaintiff to purchase the firm property; that when this was declined he said he would take care of himself; that he afterward assigned a great part of the firm property to Wood, who is in possession ; that he himself has since

received $2,000 at least, and has not paid any creditors therewith; that he was intending to go to California. There is, we think, no reason to reverse the order of July twenty-seventh, refusing to vacate the order of arrest. It must be affirmed, with costs and printing disbursements. · This disposes of the first appeal.

An appeal is brought from another order, made under the following circumstances: The defendant moved, on the 27th day of July, 1875, to vacate the order of arrest. This motion was made on notice, and only upon the affidavits upon which the order of arrest was granted ; · and it was denied. That is the order from which the first appeal was taken. The order of July twenty-seventh, refusing to vacate, contained no leave to renew the motion. Subsequently, the defendant prepared affidavits on his behalf, tending to deny the alleged fraud, and upon these affidavits and on notice he moved, on the twenty-fourth of August, to vacate the order of arrest : First, on the ground that it was not properly served; second, that a proper copy was not served; third, on the merits ; and to discharge from arrest; and that the hearing of the motion theretofore had, in July, be reopened and reheard. When this motion was brought on to be heard, on the twenty-fourth of August, an affidavit was read on the part of the plaintiff, showing that when the motion of July twenty-seventh had been decided, the defendant at that time applied to the judge who decided it, to have such decision made without prejudice to a renewal of the motion ; and that the judge refused such application. The motion of the twenty-fourth of August was thereupon denied, on the ground that a similar motion had been absolutely denied, on the twenty-seventh of July, without leave to renew. From the order denying this motion the defendant appeals.

The motion was properly denied. The defendant, instead of merely asking leave to renew his former motion, gave notice of a motion to vacate on two technical grounds, the same upon which he had unsuccessfully moved on the twenty-seventh of July. He also moved on the merits, without having obtained permission to do so ; and the former motion had also been made upon the merits.

The proper practice in such matters is well stated in *Belmont* v. *Erie Railway Co.* (52 Barb., 637) and *Smith* v. *Spalding* (3 Robt., 615).

The motion was not made upon a different state of facts *which arose*
HUN—VOL. V.    79

*subsequently to the decision of the former motion,* and, therefore, it could not be made as a matter of right. It was therefore necessary for the defendant to obtain leave to renew.

The court sometimes denies a motion without prejudice. This is merely done when it is apparent to the court that, for some reason, the full merits have not been heard, and that it is very proper that the party should be allowed to move again. But even when this privilege is not given, the court may subsequently, for good cause shown, permit a renewal of the motion. This, however, is a question of discretion, which should be addressed to the court below.

We think that the second order appealed from should be affirmed, with costs and printing disbursements. As, however, the matter affects personal liberty, and as there seems to have been some misapprehension, the defendant, on paying the costs of the order of July twenty-seventh, and the costs and disbursements of these two appeals, may apply, on affidavits and notice, to the Special Term, for leave to renew his motion to vacate the order of arrest on the merits; these costs and disbursements to be paid within ten days after service of a copy of this order. Nothing is hereby intimated upon the question, whether such leave ought or ought not to be granted.

Present — LEARNED, P. J., BOARDMAN and JAMES, JJ.

Ordered accordingly.