# PRACTICE REPORTS.

## SUPREME COURT.

ASAPH D. MATHER and JOSHUA MATHER agt. SAMUEL H. HANNAUR.

*Order of arrest — Complaint — Construction of section 558 of Code of Civil Procedure — section 561 — Omission of attorney's signature, an irregularity which may be amended — sections 559-562 — Omission to serve copy of undertaking at time of arrest — effect of.*

Facts independent of the cause of action, entitling a party to an order of arrest, should be stated on affidavit, and should not be stated in the complaint.

The only true construction to be put upon the last clause of section 558 of the Code of Civil Procedure is, that if the complaint served after obtaining the order of arrest should be for a case not mentioned in sections 549 or 550, but a case or cause of action wherein no provision is made for an arrest, then the moving party would be entitled to an order setting aside the order of arrest. It was not designed to extend or alter the rule that had been established under the old Code (*Following Williams* agt. *Norton*, 54 *How.*, 509, *and Thompson et al.* agt. *Friedberg, id.*, 519; *and is adverse to Bowery National Bank* agt. *Duryea, id.*, 450).

That the order of arrest was not signed by the attorney, as required by section 561, is not fatal to the order of arrest. Although it is an irregularity which should not be overlooked or omitted in practice, such omission may be supplied by amendment under sections 723, 724.

Whether the name of the attorney upon the back of the order, and not at the end or face of it, would be a sufficient compliance with the provision of section 561, *quære.*

The failure to serve a copy of the undertaking upon the defendant at the time of the arrest (as would seem to be required by sections 559, 562), is only an irregularity, and does not entitle a defendant to his discharge.

*Oneida Special Term, April* 9, 1878.

*W. A. Matteson,* for plaintiff; *D. C. Stoddard,* counsel.

*S. J. Barrows,* for defendant.

Noxon, *J.* — In this action a motion is made on the behalf of the defendant to set aside an order of arrest granted by the special county judge of Oneida county on the 9th day of February, 1878. The order of arrest was granted upon the affidavit of one of the plaintiffs, under and in pursuance of the provisions of section 549 of the new Code of Civil. Procedure ; and, on the same day, the summons and notice therein, as prescribed by section 419, was served personally on the defendant, and a copy of the order of arrest, and a copy of the affidavit upon which the same was granted, was also personally served upon the defendant, by the sheriff, on or about the same day ; and by virtue of the order of arrest the defendant was arrested by the sheriff, and held to bail as required by the order. The order of arrest was not subscribed on its face by the attorney, as required by section 561, but on the back thereof the title of the action appeared, with the name of the plaintiffs' attorney thereunder indorsed. At the time of obtaining the order of arrest, before granting the same, the undertaking required by the judge by section 559 was given, but service of a copy thereof was not served upon the defendant with the other papers. On the 1st of March, 1878, the plaintiffs' complaint in the action was served upon the defendant's attorney who had appeared in the action. That the complaint so served was an action upon contract to recover against the defendant, as indorser, upon two promissory notes, and also to recover a sum lent and advanced by plaintiffs to defendant by allowing him to overdaw his bank account, and for the amount of which claim the plaintiffs claimed to recover judgment. That said complaint was in the usual form of a complaint on contract, and contained no facts alleged which entitled the plaintiffs to the order of arrest.

This motion was made upon affidavit of defendant's attorney and notice of motion and other papers therein referred to. The notice of motion set forth several irregularities claimed to entitle the defendant to an order setting aside the order of arrest. The most important question raised in the moving

papers is in regard to the construction to be given to section 558 of the new Code, wherein it is provided that " at any time after the filing or service of the complaint the order of arrest must be vacated on motion if the complaint shows that *the case is not one of those* mentioned in section 549 or 550 of this act." In order to a proper construction of the language used in this section and the intention of the legislature in enacting it, it is necessary to look beyond its provision to other portions of the new Code, and also to the provisions of the old Code, of which the new Code is, in some respects what it intended to be, a revision. The revision, by the commission, of title 1 of chapter 7, articles 1 and 2, was, in a great degree, amended by the legislature in 1877. All the sections in article 1, except sections 551 and 552; in article 2, except 559, 560 and 562 to 567, were amended:

In the construction of section 558 it is important and necessary to refer to other sections of the Code relating in any way to the subject-matter of the question to be passed upon. And first of all we may examine the provision relating to a complaint and what it shall contain. There is no substantial difference between the complaint and what it shall or must contain in section 142 of the old Code and section 481 of the new. The old Code states what it *shall* contain, the new Code what it *must* contain. The contents in each are prescribed and I have been unable to find any other provision in the new Code tending in any way to allow or require the complaint to contain any statements not contained in section 481, unless section 558 shall be construed to contain such provision. The old and new Code provide for a statement of the *cause of action*, and no provision is anywhere made that facts, independent of the cause of action, shall be inserted in the complaint. The construction of the courts relating to section 142 of the old Code at first were at variance upon the question as to whether the facts relied upon to obtain an order of arrest, when such facts were independent of the cause of action, should be stated in the complaint. That question was finally disposed

Mather agt. Hannaur.

of in the court of appeals where it was held that facts, independent of the cause of action entitling a party to an order of arrest, should be stated on affidavit and should not be stated in the complaint (*Corwin* agt. *Freeland*, 6 *N. Y.*, 560; *Elwood* agt. *Gardner*, 45 *id.*, 349; 9 *Abb.* [*N. S.*], 99; *Union Bank* agt. *Mott*, 6 *Abb.*, 315). It was also held in many cases if such facts were inserted in the complaint they would be struck out on motion (15 *Abb.*, 303). In Moak's Van Santvoord's Pleadings (3*d ed.*), 253, it is stated in effect that the rule, as established by the court, may be regarded as settled and will so remain until a provision is expressly made by statute requiring the complaint to set forth the facts which the party alleges entitle him to an order of arrest. The causes of arrest depending upon the nature of the action are contained in section 549. In these cases the complaint, on its face, necessarily sets forth the cause of action. The cases mentioned in section 550, in which a defendant may be arrested, are cases where the arrest depends partly on the nature of the action and partly upon the facts, independent of the cause of action. In the case now before the court the plaintiffs proceeded under section 557 and furnished the proof by affidavit to obtain the order which was granted, and on that day defendant was arrested. Subsequently the complaint was served setting forth a cause of action on contract. The cause of arrest was not contained in the complaint and the defendant moves to set aside the order under section 558. That section contains no provision that the complaint shall set forth the facts entitling the plaintiff to the order.

It only states, "if the complaint shows that the case is not one of those mentioned in section 549 or 550," the order must be vacated. What are the cases mentioned in sections 549, 550? One of the cases is an action upon contract; and in such a case the arrest may be made when the defendant has been guilty of a fraud in contracting the liability, or has, since the making of the contract, etc., removed or disposed

Mather agt. Hannaur.

of his property with intent to defraud his creditors, or is about to remove or dispose of the same with like intent.

It is quite apparent that the complaint does not show that the case is not one of those mentioned in section 550, nor does it show that it is one of those mentioned; but it is clear that the complaint shows that the action is upon contract, and the affidavits upon which the order is granted, and served upon the party, read in connection with the complaint, shows that the case is one of those mentioned in section 550. In my opinion, the only true construction to be put upon the last clause of the section is, that if the complaint served after obtaining the order of arrest should be for a case not mentioned in section 550, but a case or cause of action wherein no provision is made for an arrest, then the moving party would be entitled to an order setting aside the order of arrest. If the section should be construed in such manner that the complaint in all cases should set forth the facts authorizing the arrest, what would become of a large class of cases where the action is brought upon contract, and after issue joined the plaintiff discovered the defendant was removing or disposing of his property with intent to defraud his creditors, or was about to remove or dispose of the same with like intent. The order may be granted at any time after the commencement of the action. The plaintiff learns of the fraudulent disposition of his property by defendant, and obtains an order of arrest, shall the order be set aside because the complaint does not contain the facts, or shall the plaintiff, before obtaining the order, move to amend his complaint setting up those facts? If he attempts to so amend, the benefit to be derived from an order of arrest in such case will, in most of them, be entirely lost. It is quite evident that the party defrauding, together with his property, would be beyond the reach of his creditors before the order of arrest could be obtained. The rule of law under the old Code was, that if the complaint showed a cause of action not specified as one in which an arrest could be made or an order granted, the arrest should be vacated.

The provision of section 558, in like manner, covers the same question. It was not designed to extend or alter the rule that had been established under the old Code. I am, therefore, clearly of the opinion that the order of arrest should not be discharged because the complaint was irregular, or for the alleged reason that the complaint showed that the case was not one of those mentioned in section 549 or 550.

The moving party claims, under section 561, that inasmuch as the order of arrest was not subscribed by the plaintiffs' attorney it should be set aside. It is also claimed that a copy of the undertaking required by the judge before granting the order should have been delivered by the sheriff to the defendant upon making the arrest. The language of sections 559 and 562 would seem to require such delivery. The undertaking is to be given before granting the order, and it is, therefore, one of the papers upon which the order is granted, and such papers are to be filed with the order of arrest within three days after bail is given, or if bail is not given within ten days after the arrest (*Secs.* 577–590). It is also claimed the order of arrest is defective in form and substance.

The claim made that the order of arrest was not signed by the plaintiffs' attorney is not fatal to the order of arrest, it was an irregularity ; it should not be overlooked or omitted in practice. Under sections 723, 724 of the new Code errors and mistakes of this character may be amended. An amendment of the like character was granted under the old Code of a warrant of attachment. The warrant was allowed to be amended by supplying the omission of the signature of the attorney (*Kissam* agt. *Marshall*, 10 *Abb. Pr.*, 424 ; *Genin* agt. *Tompkins*, 12 *Barb.*, 265). Such omission of the signature of the attorney in this case may be supplied by amendment.

The order of arrest was, in form and substance, as required by the five hundred and sixty-first section of the Code. It only omitted the signature of the attorney. The attorney's name was upon the back of the order and not at the end or face of it. In *Burrows* agt. *Norton* (2 *Hun*, 550) it was held

Mather agt. Hannaur.

that where the signature of an attorney to a notice of appeal from a justice's judgment was upon the back of the notice it was sufficient. As to the service of a copy of the undertaking of plaintiff upon the defendant at the time of the arrest it was the duty of the sheriff to make such service. This provision is new. Under the old Code (*sec.* 184) a copy of the order of arrest and the affidavit was to be served upon defendant, and it was held that a failure to serve a copy of the affidavit was only an irregularity which would not entitle defendant to his discharge (*Barker* agt. *Cook*, 25 *How.*, 190 ; *Same case*, 40 *Barb.*, 254). In the last case the court held that the provision of the old Code requiring the sheriff to deliver a copy of the *order and affidavit* to defendant on arresting him is merely directory. There is less necessity in the provision requiring a delivery of a copy of the undertaking. That with the other papers is to be filed, and it must be given to secure costs and damages, not less than $100. The defendant having received a copy of the affidavit and order of arrest, and his attorney afterwards having received a copy of the complaint, was actually in possession of all the papers necessary to protect the defendant in his rights, except the undertaking which was on file. I have examined the points presented in this case with much care for the reason that at this same court the principal question has been presented in several other cases. My attention has also been called to a reported case in volume 54 of *Howard's Practice Reports* (*No.* 5, *p.* 450) where the court has arrived at a different conclusion upon the construction of the language used in section 558. I regret that I am not able to coincide with the justice who gave the opinion in that case. But our differences are of little moment when we consider that the construction of this section must be passed upon by the general term.

The plaintiff is entitled to an order denying the motion to set aside the order of arrest, and also to amend the order of arrest by affixing thereto the name of his attorney.

The question is new and no costs should be allowed to either party.