ISAAC M. ADAMS, RESPONDENT, *v.* CHARLES M. SPEELMAN, APPELLANT.

*Attachment — levy on property capable of manual delivery, made by its being taken into custody by the sheriff — Code of Civil Procedure, sec. 649.*

A levy under a warrant of attachment upon property capable of manual delivery is made by the taking of the property into the actual custody of the sheriff.

The last sentence of subdivision 2 of section 649 of the Code of Civil Procedure, providing that " he must thereupon, without delay, deliver to the person from whose possession the property is taken, if any, a copy of the warrant and of the affidavit upon which it was granted," is directory only, and a failure to comply therewith is an irregularity which does not destroy the effect of the levy if otherwise valid.

APPEAL from an order of the Monroe County Special Term, denying the defendant's motion for a new trial on a case.

*John T. Knox* and *Charles S. Baker*, for the appellant.

*D. Morris*, for the respondent.

SMITH, P. J.:

Action to recover damages for the wrongful taking and detention of certain chattels alleged to be the property of the plaintiff. Defense, that the defendant, as sheriff, levied upon and attached the said chattels by virtue of two warrants of attachment issued out of this court in actions against Perry Adams, who, and not the plaintiff, was the owner of said chattels.

At the trial the defendant offered in evidence the attachments by virtue of which he claimed to have levied on the property, but they were excluded by the court and the defendant excepted. That exception raises the principal question in the case.

The question involves the construction of the second subdivision of section 649 of the Code of Civil Procedure, and for the purpose of interpreting that subdivision it will be useful to consider the entire section, which is as follows:

" SEC. 649. A levy under a warrant of attachment must be made as follows :

" 1. Upon real property, by filing with the clerk of the county, where it is situated, a notice of the attachment, stating the names of the parties to the action, the amount of the plaintiff's claim as stated in the warrant, and a description of the particular property levied upon. The notice must be subscribed by the plaintiff's attorney, adding his office address, and must be recorded and indexed by the clerk in the same book, in like manner and with the like effect, as the notice of the pendency of an action.

" 2. Upon personal property, capable of manual delivery, including a bond, promissory note or other instrument for the payment of money, by taking the same into the sheriff's actual custody. He must thereupon, without delay, deliver to the person from whose possession the property is taken, if any, a copy of the warrant and of the affidavit upon which it was granted.

" 3. Upon other personal property, by leaving a certified copy of the warrant, and a notice showing the property attached, with the

person holding the same; or, if it consists of a demand, other than as specified in the last subdivision, with the person against whom it exists; or, if it consists of a right or share in the stock of an association or corporation, or interest or profits thereon, with the president or other head of the association or corporation, or the secretary, cashier or managing agent thereof."

In the present case, although there was testimony tending to show that the property, when taken by the sheriff, was in the constructive possession of Perry Adams, the father of the plaintiff, and that the sheriff delivered to him a copy of the warrants and of the affidavits upon which they were granted, yet there was evidence which warranted the conclusion that the actual possession of the property, at the time of the levy, was in the plaintiff. The plaintiff was not served with a copy of the papers. It is to be assumed that the trial judge found the facts to be as last above stated, and that upon that ground he excluded proof of the attachments. If a delivery of a copy of the warrants and affidavits to the person from whose actual possession the property was taken by the sheriff, constituted an essential element of the levy, without which there was no levy, the ruling was correct. If, however, the lack of such delivery was a mere irregularity, not affecting the validity of the levy, the ruling was erroneous.

The second subdivision expressly declares that a levy shall be made upon personal property, capable of manual delivery, *by* taking the same into the sheriff's actual custody. The subsequent clause, requiring the delivery of a copy of the papers, we regard as directory merely: Had the language been to the effect that the levy shall be made by taking the property into the actual custody of the sheriff and *by* his delivering a copy, etc., the case would have been different. But that is not its effect. The clause requiring the delivery of a copy of the papers is not a part of the original section. It was adopted in 1879, two years after the section took effect. It was not intended to add to what was previously required to constitute a levy, but it imposed upon the sheriff a duty to be performed, without delay, after the levy was made. The original section, in defining what should constitute a levy on personal property capable of manual delivery, was declaratory of the common law. If the taking of the property by the sheriff, into his actual

custody, under process directing him to take property, is not a valid
and perfect levy, strange consequences might follow.    The sheriff
is required to *keep* the property attached by him.    (Code Civil
Pro., § 674.)    May he redeliver the property to the person from
whom he has lawfully taken it, on the theory that by his omission
to deliver a copy of the papers he has no right to detain it?    He
may maintain an action to reduce to his actual possession an article
of personal property, capable of manual delivery, but of which he
has been unable to obtain possession (Code Civil Pro., § 655);
or the plaintiff, by leave of the court, may bring such action in the
name of the sheriff and himself jointly (sec. 677), or he may be
joined with the sheriff in such an action brought by the latter.
(Sec. 679.)    Would it be a defense to such an action that the sheriff
had not delivered a copy of the papers?    If personal property
attached, belonging to the defendant, has passed out of the hands
of the sheriff, without having been sold or converted into money,
and the attachment has not been discharged as to that property, he
must, if practicable, regain possession thereof; and for that purpose
he has all the authority which he had to seize the same under the
warrant.    (Sec. 708, subd. 3.)    And a person who willfully con-
ceals or withholds such property from him is liable to double dam-
ages, at the suit of the party aggrieved.    (Id.)    If, as the plaintiff's
counsel contends, a taking of the property by the sheriff into his
actual possession is a void act, without a delivery of a copy of the
papers, it seems to follow that the lack of such delivery would con-
stitute a defense to an action brought under the provisions last
referred to.

Each of the other subdivisions of section 649, by like language,
defines what shall constitute a levy in respect to the class of prop-
erty to which it relates.    Under the first subdivision, a levy must be
made on real property *by* filing with the clerk a notice containing
certain particulars specified in the first sentence.    It may be that
each of those directions must be substantially complied with in
order to constitute a valid levy (though we express no opinion on
that point), but it seems clear that the requirements contained in
the next sentence, as to the subscribing of the notice and the record-
ing and indexing it, are directory merely, and their omission, while
irregular, would not vitiate the levy.

The Code of Procedure (§ 184) required that, upon arresting a defendant, by virtue of an order of arrest, the sheriff should deliver to him a copy of the order and affidavit. It was frequently held that the requirement was directory, and its omission was an irregularity merely, which did not render the proceeding null. (*Keeler* v. *Belts*, 3 Code Rep., 183; *Courter* v. *McNamara*, 9 How. Pr., 255; *Barker* v. *Cook*, 40 Barb., 254; *Mather* v. *Hannaur*, 55 How. Pr., 1.)

The cases cited by the respondent's counsel are not in point. In *Pardee* v. *Leitch* (6 Lans., 303), in which there was an attempt to attach shares of bank stock, there was no levy whatever, a copy of the warrant not having been left with an officer or managing agent of the bank, and that being the essential thing required by the Code to constitute a levy. (Code of Pro., § 235.) In *Flandrow* v. *Van Brunt* (84 N. Y., 1) it was held that an attorney for the successful party in an action by whom a judgment was procured, is not "an individual holding such property," within the meaning of the provision of the Code of Procedure (§ 235), authorizing the execution of an attachment by service of a copy, and consequently that service of a copy of the warrant on such attorney was not a proper execution of the attachment. In *Anthony* v. *Wood* (96 N. Y., 180) the question now before us was not involved, and the turning point of the case was that the attachment debtor having transferred, although in fraud of creditors, the title to the promissory note sought to be attached, and the sheriff not having been able to obtain the actual custody of it, there was no effectual levy, and the sheriff could not assail the transfer as fraudulent. We do not understand even any *dictum* in that case to be in conflict with the views we have advanced. The point of all that Judge FINCH said in that case on the subject of a levy is, that there can be no levy till the sheriff has taken the property into his actual custody.

It results from these considerations that the warrant of attachment should have been received in evidence, and that there should be a new trial.

Order appealed from reversed and new trial ordered, costs to abide event.

All concur.

Order reversed and new trial granted, with costs to abide the event.