(49 Misc. Rep. 604.)

### MAZURETTE v. RICHARD CARLE AMUSEMENT CO.

(Supreme Court, Special Term, New York County.  February, 1906.)

1. ATTACHMENT—VACATING—COPIES OF WARRANT AND AFFIDAVIT.
 Code Civ. Proc. § 649, subd. 2, provides that the sheriff must without delay, after attachment of property, deliver to the person from whose possession the property is taken a copy of the warrant and the affidavit on which it was granted.  Held, that the fact that the copies of a complaint and affidavit served did not contain the name of the officer before whom they were verified is no ground for vacating the attachment, as being merely irregularities.

2. SAME—SERVICE OF COPY OF BOND.
 There is no statute or rule requiring service in attachment of a copy of the undertaking.

Action by one Mazurette against the Richard Carle Amusement Company.  Motion to vacate an attachment denied.

Charles Steckler, for plaintiff.
Fromme Bros., for defendant.

BLANCHARD, J. This is a motion to vacate an attachment on the ground that copies of the complaint and affidavit served upon the defendant with the warrant of attachment were not verified and that no copy of the undertaking was served. The copies of the complaint and affidavit served did not contain the name of the officer by whom the jurat was made. No statute or rule has been presented which requires the service of a copy of the undertaking. As to the complaint and affidavit, no contention is made that the original complaint and affidavit upon which the warrant was made were not duly verified. The requirement that a copy of the moving papers on which the warrant of attachment is made shall be served upon the defendant is stated in section 649, subd. 2, of the Code of Civil Procedure as follows:

"He [the sheriff] must thereupon, without delay, deliver to the person from whose possession the property is taken, if any, a copy of the warrant, and of the affidavits upon which it was granted."

In Adams v. Speelman, 39 Hun, 35, it was stated that this requirement was merely directory, and that any irregularity in complying therewith would not destroy the effect of a levy otherwise valid. The rule thus stated was derived from the analogy of several decisions construing section 184 of the Code of Procedure, which provided:

"The affidavit and order of arrest shall be delivered to the sheriff, who, upon arresting the defendant, shall deliver to him a copy thereof."

It had been held, in relation to this section of the Code of Procedure, that failure to serve a copy of the order of arrest at the time of the arrest is merely an irregularity, and does not entitle the defendant to his discharge. Courter v. McNamara, 9 How. Prac. 255, 257; Keeler v. Betts, 3 Code Rep. 183; Barker v. Cook, 40 Barb. 254. Compare Mather v. Hannaur, 55 How. Prac. 1.

In construing this section of the Code of Procedure, it was also said that an order of arrest could not be vacated merely because a copy of the affidavit served contains no signature of the affiant or of the officer before whom the affidavit was sworn to, since the opposite party has the opportunity to inspect the original; but, where no such opportunity is given, the papers served must contain the signatures or they may be disregarded. Barker v. Cook, supra. Compare Mather v. Hannaur, supra.

Under section 639 of the Code of Civil Procedure, the affidavits upon which the warrant of attachment is made must be filed with the clerk within 10 days, and according to the practice of this county the affidavit is filed immediately upon making the warrant. Accordingly, the defects in the moving papers, upon which the present warrant of attachment was made, seem mere irregularities, and are not fatal to the attachment.

Motion denied.