Cheney agt. Garbutt.

SUPREME COURT.

CHENEY agt. GARBUTT.

It is not necessary that the complaint should contain the allegations which
authorize the defendant's arrest or imprisonment, in order to issue an execu-
tion against his person, where he has been arrested after the service of the
complaint and before judgment under § 179. (*This is directly adverse to the
case of Gridley agt. McCumber, ante page* 414).

*At Chambers, Rochester, March* 1851. Motion to set aside
execution against defendant's person.

The action was commenced by the service of a summons and
complaint on the 8th of January 1851. The complaint claimed
that the defendant was indebted to the plaintiff on contract in the
sum of $60·84 and interest, for a bill of goods purchased of the
plaintiff by the defendant on the 28th September 1850, for which
sum, with interest from the time of the purchase, the plaintiff
demanded judgment with costs. The defendant did not answer,
and the plaintiff, on the 3d February 1851, entered judgment for
the amount claimed. An execution was issued against the pro-
perty of the defendant, which being returned unsatisfied, the
plaintiff afterwards issued another to the sheriff of Monroe county
against the person of the defendant. The complaint contained
no allegation of fraud, or any other matter, which would author-
ize an execution against the person of the defendant.

On the part of the plaintiff, it is shown that on the 8th day of
January 1851 (the day the summons and complaint were served),
the defendant was arrested by virtue of an order of a justice of
this court under sections 179, 180 and 181 of the Code. Copies
of the affidavits upon which the order for the arrest was made,
with a copy of the order, were duly served on the defendant on
the said 8th of January, and the defendant on the same day put
in bail in the action. The grounds of the order to arrest were,
4st. Fraud·in contracting the debt; and 2d, that the defendant
had disposed of his property with intent to defraud his creditors.

D. D. BROWN and J. D. HUSBANDS, *for Defendant.*

GEO. F. DANFORTH, *for the Plaintiff.*

WELLES, Justice.—The defendant moves to set aside the execution against his person upon the ground that the complaint contained no allegation which would authorize his being charged in execution upon the judgment; that as there was nothing stated in the complaint which he could deny, or answer, so as to put the plaintiff to a trial, and as the order for his arrest was made on an ex parte application, he has had no opportunity of controverting the allegation of fraud.

The 4th and 5th subdivisions of § 179 of the Code authorize the arrest of the defendant in cases where he has been guilty of fraud in contracting the debt, or incurring the obligation for which the action is brought, &c., or where the defendant has removed or disposed of his property, or is about to do so with intent to defraud his creditors. Upon both these grounds, the order in this case was made.

By § 288, an execution against the person of the defendant may be issued in the cases mentioned in sections 179 and 181. By § 183, the order for the arrest may be made to accompany the summons, or at any time afterwards, before judgment. By § 186, the defendant, at any time before execution, shall be discharged from the arrest either upon giving bail, or upon depositing the amount mentioned in the order of arrest. The bail mentioned is by § 187, to be an undertaking, &c. to the effect that the defendant shall at all times render himself amenable to the process of the court, during the pendency of the action, and to such as may be issued to enforce the judgment therein, &c. By § 204, a defendant arrested may, at any time before the justification of bail, apply, on motion, to vacate the order of arrest, or to reduce the amount of bail.

Looking at all these provisions, I am satisfied that the plaintiff was regular in issuing the execution against the defendant's person. There is no provision requiring the complaint to contain the allegations, which authorize the defendant's arrest or imprisonment. By § 183, the order for the arrest may be made at any time before judgment. The occasion for the arrest may arise under § 179. sub. 5, and I think also under sub. 1 of the same

Cheney agt. Garbutt.

section, the day before the judgment is entered. In such cases, the complaint may have been served before the order of arrest was applied for, and then, according to the argument of the defendant's counsel, it would be impossible to change him in execution at all, because the fact which was the foundation for it, was not, and could not be alleged in the complaint, which was prepared and served before there was any occasion for the arrest or imprisonment.

If the position of the defendant's counsel be correct, that, as a fundamental rule, the complaint should show facts sufficient to authorize the imprisonment of the defendant, in order to change him in execution, so that an issue may be formed upon the existence of such facts, such rule, from its nature, should apply to all cases. But it is seen that such a rule can not be made to apply to the case of an order made after the complaint is served. This, I think, shows that the legislature did not contemplate any different form of the complaint between a bailable and nonbailable action, unless the nature of the action required the difference.

In most of the cases where the defendant may be arrested under § 179, the ground of arrest is something wholly aside from and independent of the cause of action. Section 142 of the Code, which prescribes what the complaint shall contain, requires a statement of the facts constituting the cause of action, &c., and a demand of the relief to which the plaintiff supposes himself entitled. If the recovery of money be demanded, the amount thereof shall be stated. The kind of execution is not what is intended by the relief to be demanded in the complaint. The only imaginable use of introducing the facts which are the grounds of the defendant's arrest, into the complaint, where such facts are extraneous to those constituting the cause of action, would be to allow the defendant the opportunity of taking issue upon them, and of trying it as other issues, made by the pleadings, are tried.

I think the legislature have provided a different mode of trying the question, and that is, by an application to vacate the order of arrest under § 204. There may be objections to this mode of trial, and yet it is not without its advantages to the defendant.

If the order is granted upon insufficient affidavits, the judge upon being satisfied of their insufficieny, will vacate the order. If, unexplained, and uncontradicted, they are sufficient, it is competent for the defendant to contradict them or show other facts entitling him to a discharge by his own affidavit or the affidavits of others. Thus, if he is not liable to arrest, he may have the question settled at once; have his bail exonerated, or his person liberated; and sometimes, it may be, avoid imprisonment from the time of his application to the judge, until judgment.

The motion must be denied, but without costs