*518
 
 Watson, J.
 

 — As this cause was tried by the court, and. decided upon the pleadings, a brief reference to them is all that will be necessary to show the points raised and decided at the general term. (After stating the pleadings, the learned judge continued :)< The question presented is, do the facts set forth in the answer constitute a defence to the action ?
 

 Section 179, sub. 4, of the code, provides, that, “ when the defendant has been guilty of a fraud in contracting the debt, or incurring the obligation for which the action is brought,” he may be arrested. The arrest is to be on a judge’s order, which is to be granted “ when it shall appear to the judge, by the affidavit of the plaintiff, or any other person, that a sufficient cause of action exists, and that the case is one of those mentioned in § 179.” By § 183, the order may be made to accompany the summons, or at any time afterwards, before judgment; § 288 provides, that
 
 “
 
 if the action be one in which the defendant might have been arrested as provided in § 179 and § 181, an execution against the person of the judgment-debtor” may be issued
 
 “
 
 after the return of an execution against the property, unsatisfied.”
 

 The defendants insist, that it is shown by their answer, that the action which they brought against the plaintiff, in the supreme court, was one in which the defendant “ might have been arrested,” as provided in § 179. Although concisely stated, the answer does show, that the plaintiff
 
 was
 
 arrested according to the provisions of that section, and in the mode pointed out by it; and if, to justify an arrest by virtue of the provisions of § 288, it was only necessary to show that the defendant
 
 might have been
 
 arrested, under that section, then, I apprehend, the defendants have shown all that they were required to show, in the first instance, to justify the arrest of the plaintiff. The question here is not whether the defence is defectively stated, or insufficiently set forth, in
 
 *519
 
 the answer, for, if it was, then the answer should have been demurred to on that account.
 

 [ *563 *But it is contended on the part of the plaintiff, that the alleged fraud should have been set forth in the complaint, so that it could have been passed upon by the jury, and if found by them, then an execution against the person would have been warranted by the record. An examination of the different sections will, I think, satisfy any one, that the legislature never intended to oblige the party alleging the fraud to embrace it in his complaint. In the first place, the order to arrest cannot be procured upon the pleadings, no matter how broadly the fraud may be alleged in them, but
 
 must be
 
 on affidavit, showing that a cause of action exists, and that the case is one of those mentioned in § 179. The order to arrest may be made, at any time after the summons,
 
 before judgment.
 
 These provisions show, clearly, that the order to hold to bail was intended to be independent of the pleadings; and although such orders may, in some instances, be founded on the same facts which constitute the cause of action, in others, they may rest upon facts totally distinct from the cause of action; and in all cases, the facts must appear by affidavit, before any order for arrest can be made.
 

 The undertaking required of the plaintiff by the judge, before making the order,
 
 “
 
 that if the defendant shall recover judgment, the plaintiff shall pay all costs that may be awarded, and the damages defendant may sustain by reason of the arrest,” furnishes additional evidence to sustain this position. There is no provision, that if the plaintiff fails to establish the
 
 alleged fraud,
 
 the defendant shall recover anything on that account; nor is there any, that in case of such failure, the plaintiff shall not recover the amount of his debt. The absence of such provisions, satisfies me, that the legislature intended to keep the provisions in regard to the
 
 causes
 
 of action, and the remedy, distinct and separate, and I
 
 *520
 
 cannot agree with the learned justice who delivered the opinion in the supreme court, “that if the codifiers meant anything in particular by this section, it was, that if the plaintiff failed to establish the fraud, he should fail to recover judgment for his debt, and pay costs and * 564 1 damaSes to defendant *for the unjust arrest.” -1 If they intended what he supposes they did, I cannot believe, they would have failed to express that intention clearly.
 

 Another provision (§ 187) required the defendant, as the condition of his discharge from arrest, to give bail, “that he shall, at all times, render himself amenable to the process of the court, during the pendency of the action, and to such as may be issued to enforce the judgment therein.” What process can be issued by the court to enforce its judgment, to which the defendant is amenable, except an execution against his person ? If • the order for his arrest, and the bail taken under it, do not contemplate his final arrest upon an execution against his person, it seems to me, that this provision is entirely useless. How can the defendant be guilty of any breach of this undertaking, even if he should abscond beyond the reach of the process of the court, or, in what other way could he be guilty of not rendering himself amenable to the process of the court except by being out of the reach of an execution issued against his person? To me, all these provisions, construed according to their plain and obvious meaning, evidently contemplate that where an arrest is made, as in this case, and the defendant is held to bail, that
 
 characterizes
 
 the case, as one where, by the provisions of § 179, the defendant might have been arrested, and, of consequence, that he might afterwards be arrested .on an execution against his person. Under the defendant’s answer, if the facts set forth in it had been denied, they ought, on the trial, to have been permitted to give the affidavit and order of arrest in evidence, and they would thus have
 
 *521
 
 shown, that it was a case where the plaintiff might have been arrested under § 179, which was all the defendants were required to show, to justify his arrest under the execution on which he was imprisoned.
 

 Notwithstanding all that has been said about the hardship, injustice and inconvenience to which such a course subjects the defendant, I have been unable to discover it, and can see many inconveniences attending a different course. The defendant, if arrested and held to bail unjustly, is not thereby deprived of freeing ;¡í *himself from arrest, before the determination of *- the action. He can move the court granting the order, to vacate it, upon his own, as well as the affidavits of others, and if, after hearing the affidavits of both parties, it shall appear, that there was no just ground for the arrest, the court will vacate the order, with costs of the motion, if the case should be a proper one for the granting of costs. This determination in his favor would not only liberate him from arrest for the time being, but would be an
 
 adjudication in his
 
 favor, that it was not a case where, by the provisions of § 179, he might have been arrested. I agree with my learned brother, now a member of this court, who delivered the opinion in
 
 Cheney
 
 v.
 
 Garbutt
 
 (5 How. Pr. 467), that the legislature has provided this mode of trying the question, and that it is not without its advantages to the defendant.
 

 If I am right in the position, that the defendant in such case, is not entitled to any judgment against the plaintiff, in case the latter fails, on the trial, to establish fraud; and that such failure could prevent the plaintiff from recovering the amount of his debt, then this mode of trying the question is manifestly for the advantage of the defendant. A trial would be attended with vastly more expense to him, and if he succeeded on the question of fraud, would be of no advantage, save the prevention afterwards of the execution issuing against his person. This mode, too, is entirely in harmony and
 
 *522
 
 consistent with the other proceedings in the cause. It is conceded by all, that the affidavit and order to arrest are no part of the record, and should not be engrafted upon it, nor entered in it, and still it is a proceeding which determines the fact, whether the defendant can be arrested in any particular case. How manifestly proper, then, that the mode of testing it should be, by a motion to vacate the order, in the same manner in which it was obtained, since the decision of the court, even if in favor of the defendant, can form no part of the record. Why should the record be incumbered with that which does not legitimately belong to it ?
 

 These suggestions are in accordance with the old practice. There was, under that practice, no such thing as a * 566 1 ^ Jury> to determine *whether a defendant J could be arrested on an execution against his person. A
 
 ca. sa.,
 
 under the former law, could be issued against a non-resident, where nothing in the pleadings or record showed the plaintiff’s right to arrest, or the ground of it; the ground of the right to arrest was the non-residence of the defendant; and that fact was established by affidavit, and the only opportunity for the defendant to try the question, was to move, on affidavits, .to set the writ aside. Such was the practice under the act to abolish imprisonment for debt, passed in 1831. It is true, there should be some known and established way by which it should appear that the plaintiff had a right to issue an execution against the person of the defendant, as the liberty of the citizen should always be guarded with a jealous care by the courts; but there are two ways by which it may be made to appear, one by affidavit and an order to arrest, and the other by embracing in the pleadings and record the facts which authorize the arrest. If neither of these courses be adopted, the plaintiff might find it difficult to show, how it was a case coming under § 179, as there would be nothing in the record, nor in any of the pro
 
 *523
 
 ceedings in the action, to test it, and unless he could be allowed to prove, when sued for false imprisonment, the facts
 
 dehors
 
 the record, to show that it was such a case, he might be held liable. It is not, however, necessary to decide a case not now before us. In the present case, the defendant’s answer shows, that they had pursued the course pointed out by the statute, in issuing their execution against the person of the plaintiff and causing his arrest, and the court erred in holding that such answer was insufficient. The judgment of the supreme court should, therefore, be reversed, and a new trial ordered.
 

 Judgment reversed, and new trial awarded.
 

 Edmonds, J., dissented.