The Ansonia Brass and Copper Company, Respondent, *v.* The New Lamp-chimney Company, Appellant.

It is the intent and purpose of the U. S. bankrupt act (14 U. S. Stat. at Large, 517) to discriminate between natural persons and corporations, and section 37 of said act, by which corporations are brought within its scope and effect, limits and qualifies section 21 as far as corporations are concerned.

As by section 37 a discharge is prohibited to a bankrupt corporation, a debt against it is not discharged, though proven, and the provision of section 21 prohibiting a creditor who has proved his debt from maintaining a suit therefor does not apply as against a creditor of such corporation.

(Argued May 28, 1873; decided June 10, 1873.)

Appeal from judgment of the General Term of the Supreme Court in the first judicial department, affirming a judgment in favor of plaintiff, entered upon a verdict. (Reported below, 64 Barb., 435.)

This action was upon nine promissory notes made by defendant. The defence was that in proceedings under the

bankrupt law defendant had been declared bankrupt and that plaintiff's claims had been proved in said proceedings and a dividend received thereon.   The defence set up was proved upon the trial, and defendant moved for a dismissal of the complaint upon the ground that under section 21 of the bankrupt act the right of action had been waived.   The court denied the motion and directed judgment for the balance after applying the dividends, to which defendant excepted. A verdict was rendered accordingly.

*John M. Martin* for the appellant.   Plaintiff having proved its debt in the bankruptcy proceedings, under section 21 of the bankrupt act of 1867, has waived all right of action.   (14 U. S. Stat. at Large, 517; 5 id.; 445, § 5; 5 L. R., 165; *Hatun* v. *Corse*, 4 Edw., 585, 587; affirmed, 2 Barb. Ch., 508, 531; *Stewart* v. *Isidor*, 5 Abb. Pr. [N. S.], 68, 72; *Hoyt* . v. *Freal*, 8 id., 220; James' Bankrupt Law 1867, 97, note, and cases cited.

*Roger A. Pryor* for the respondent.   The fact that plaintiff proved its claim in the bankruptcy proceedings is ineffectual to defeat a recovery in this action.   (14 U. S. Stat. at Large, 517, § 37; *In re Robinson*, 6 Blatch. C. C., 253; *In re Kimball*, id., 292; *In re Rosenberg*, 3 Bene., 14; *In re Wright*, 36 How. Pr., 176; *In re Migel*, 2 Bank. Reg., 153; *Davis* v. *Anderson*, 6 id., 153.)

FOLGER, J.   The appellant claims that by virtue of the twenty-first section of the United States bankrupt act (Laws of U. S., 14 Stat. at Large, p. 517), the plaintiff having proved its debt against the defendant, shall not be allowed to maintain its suit therefor against the defendant, but shall be deemed to have waived all right of action against it. This section is very broad in its terms.   In its unrestricted import, it does give plausibility to the position of the defendant.   Without attempting to determine, from an interpretation of the section itself, whether such a claim is in all cases well

founded, it is sufficient to put the decision of this case upon the ground which we shall state. This twenty-first section may not stand alone. It is to be read and applied in connection with every other section of the act. All must have their due and conjoint effect. Each must be so far qualified and limited by each other as that all may have operation in harmony, if so it may be. And each must be kept in subservience to the general intent of the whole enactment. The thirty-seventh section of the act is the one by which corporations are brought within its scope and operation. It was under this section that the defendant came into the bankrupt court. That section, while enacting that the act shall apply to corporations, and prescribing the manner in which they may voluntarily apply to the court or be brought to it involuntarily, and enumerating many particulars in which the provisions applicable to natural persons debtors, shall be applicable to corporations, does not provide for granting to them a discharge from their debts. On the contrary it does enact that " no allowance or discharge shall be granted to any corporation." It would be strange if one portion of this section was not to be held of as much moment as another, and that while it was effectual to bring the corporation into the bankrupt court, it should be ineffectual to prevent the granting to it a discharge ; the prohibitory portion being just as explicit as that which is permissive. And such construction would be to annul an important part of the section. It is to be adopted on no other reason than that the clause above quoted is so inconsistent and hostile with the whole tenor and intent of the act, or with other particular provisions of it, as that it cannot stand in harmony with them. The intent of the act is to permit the honest bankrupt, being a natural person, to give up all his assets, to divide them *pro rata* among his creditors, and to get a discharge from his debts honestly contracted. Its purpose to the individual in this is, to free his faculties from the clog of his indebtedness, so that he may start again with fresh hope and the fresh energy kindled thereby. Its purpose to the public

is, that no one may be under the discouragement of debt, deadening his activity, and preventing his utmost endeavor for self-support, and for the material advancement of the community. Neither of these objects are of importance where a corporation is concerned. Though freed from its debts, on giving up all of its assets, it has no power for its own or for public good until it has capital again. But that is then to be had only from individual resources, and they may as well be applied to the purpose through other agencies.

Again; a prime purpose of the act might be thwarted if a corporation was discharged from its debts. Very many corporations are formed under laws which affix to the several stockholders an individual liability to a greater or less extent for the debts of the corporation. These debts are thus made, in the end, the debts of the stockholders. This liability does not accrue until the corporation has itself failed to meet its indebtedness. If the corporation, on the action of the stockholders (as it can be), is brought into the bankrupt court and discharged from its debts, they being thus extinguished the liability of the stockholders will never accrue, and they go free, with their assets still theirs. This would be to frustrate an important purpose of the act, which only relieves from liabilities upon a surrender of property to be applied thereon.

The fact, too, that the thirty-seventh section prohibits any allowance to corporations as well as any discharge, indicates the purpose of the act to discriminate between them and natural persons. Nor is the provision of the thirty-seventh section incapable of harmonious action together with the twenty-first section. It would not have been unusual nor discordant legal composition if the twenty-first section had been drafted just as broadly as it now reads, and there had been added to it a saving clause or proviso that it should not apply to the case of a corporation so as to discharge it from its debts, or prevent an action being maintained against it on any debt which had been proven. A saving clause is something smaller than the thing itself, and yet not nullifying it. (Dwarris, 513; 4

Kent, 468.) Nor would there have been any reason for doubt, but that the case of a corporation was then excepted from the general effect of the section, so far as it worked a discharge of the debts of the bankrupt. It does not matter that the saving clause appears further on in the act, and is in other guise than a proviso. It is just as operative to save and except from the force of the general provision, and is just as consistent and harmonious with it as if.it followed at its heel. Nor is this the only instance in which from restrictive or influencing provisions of other sections of the act, the broad terms of the twenty-first section suffer an abatement of their force and compass.

The thirty-third section provides that no debt created by the fraud of the bankrupt shall be discharged under the act. And it has been held that the debt of a creditor which had been proven, and which came within the terms of the twenty-first section, was by virtue of the thirty-third section excepted from the full scope of those terms, and was not discharged. (Per Nelson, J., in *Ex parte Robinson,* 6 Blatchf. C. C. R., 253 ; S. C., 2 Bank. Reg., 108.) *In re Rosenberg* (2 Bank Reg., 81), it is said : " No consequences can be allowed, under section twenty-one, to flow from proving a debt, which are inconsistent with the provisions of section thirty-three." This remark is equally applicable to section thirty-seven when collated with section twenty-one.

We conclude, therefore, that section twenty-one has not universal and exclusive effect, and that section thirty-seven prohibiting a discharge to a corporation, the plaintiff 's debt is not discharged though proven, and may be prosecuted in the State court.

It is not necessary to consider the question raised and argued, whether the bankrupt court had jurisdiction.

The judgment appealed from should be affirmed, with costs to the respondent.

All concur.

Judgment affirmed.