WILLIAM LIBBEY, SURVIVOR, ETC., RESPONDENT, *v.* MOSES STRASBURGER, APPELLANT.

*Bankrupt act — discharge in composition proceedings — effect of, on fraudulent debts.*

A debtor who is discharged in composition proceedings, instituted under the U. S. Bankrupt Act, is not thereby relieved from a previous debt fraudulently contracted.

APPEAL from an order denying defendant's motion for a perpetual stay of execution.

The action was commenced December 28th, 1875, to recover the sum of $2,304.23, for goods sold and delivered by A. T. Stewart & Co. to the defendant, in November and December, 1875. An order of arrest was issued in the action upon affidavits alleging that the defendant was guilty of fraud in contracting the debt, and he was arrested thereunder and held to bail. This order of arrest was on appeal sustained by the General Term of this court.

Judgment was entered in the action against the defendant, November 12th, 1877, for $3,003.05. On the 3d day of December, 1877, an execution against the property of the defendant was issued on said judgment, and on the 1st day of February, 1878, said execution was returned unsatisfied. On the 1st day of February, 1878, an order was duly made and entered herein by Mr. Justice DONOHUE, denying the defendant's motion for a perpetual stay of proceedings on the execution and judgment herein, with $10 costs, from which order the defendant appeals.

The fraud in contracting the debt for which this action was brought is admitted, but the court was asked to grant a perpetual stay of the execution and judgment, on the ground that the cause of action and the judgment have been discharged under a composition in bankruptcy, alleged to have been made October 7, 1876, more than a year before the judgment in this action was entered.

The plaintiff did not join in the composition proceedings, nor consent to the same, and has not accepted or received any benefit thereunder.

*Townsend & Waldheimer*, for the appellant. The composition under and in pursuance of the 17th section of the act of congress approved June 22d, 1874, operated as an accord and satisfaction, and a discharge of the indebtedness of the defendant to A. T. Stewart & Co., although the debt was contracted in fraud. (*Pool* v. *McDonald*, 15 N. B. R. R., 560.) No formal discharge is necessary, but the recording of the resolution, etc., is all that is required (*In re Becket*, 12 N. B. R. R., 201), nor can the record of the United States Court of the composition proceedings be questioned or impeached collaterally. (*Alston* v. *Robinett*, 9 N. B. R. R., 74; *Hudson* v. *Bingham*, 8 id., 494; *Ocean Bank* v. *Olcott*, 46 N. Y. R., 12.) While a discharge under section 5117 (U. S. Statutes) does not discharge debts contracted by fraud, a composition under the act of 1874 (*supra*) does operate as such upon all provable debts where the provisions of the act have been complied with. (*Wells* v. *Lamprey*, 16 N. B. R. R., 205; *Bamberg* v. *Stern*, Daily Reg., Jan'y 11, '78; *Claflin* v. *Scessel*, N. Y. W. Dig., Nov. 12, '77.)

*Henry H. Rice*, for the respondent.

BRADY, J.:

The appellant who fraudulently contracted the debt due to the plaintiff, secured by a meeting of his creditors a discharge under the provisions of the bankrupt law authorizing a composition. Act of congress approved 22 June, 1874, sec. 17.) The plaintiff did not, however, unite in the proceedings, and did not accept or receive any benefit from them. The defendant, nevertheless, insists that he is discharged from the debt. In this, we think, he is mistaken. The Revised Statutes, section 5117 of the bankrupt act, declares that no debt, created by the fraud or embezzlement of the bankrupt, shall be discharged by proceedings in bankruptcy, and the composition already mentioned is a proceeding in bankruptcy.

The second section relating to it declares that in all cases of bankruptcy now pending, or thereafter pending, a meeting may be called under the direction of the court, etc.; and the Court of Appeals has substantially decided that in construing a section of the bankrupt law, it is to be read and applied in connection with

every other section of the act. (*Ansonia B. & C. Co.* v. *New Lamp Chimney Co.*, 53 N. Y., 123.) This rule is applicable to this case, because there is nothing in the language of the section relating to compositions, which in terms enlarges their effect so as to overrule the general and broad provisions of section 5117 (*supra*). The intention of the law makers was to exclude the fraudulent debts of the bankrupt from the operation of the statute. It was designed to assist honest debtors only. It would be extending its benefits beyond the scope its framers had in view, to declare that debts which under its provisions could not be discharged, would by composition proceedings be blotted out, even although the recusant creditor had received no part of the estate.

We think, therefore, that the order appealed from should be affirmed, with ten dollars costs and disbursements of the appeal.

DAVIS, P. J., and INGALLS, J., concurred.

Order affirmed, with ten dollars costs and disbursements.