# CITY COURT OF BROOKLYN

### THE BIRMINGHAM NATIONAL BANK agt. THOMAS KECK.

*Corporations — when action to charge stockholder may be maintained — Complaint — Demurrer.*

As, by section 37 of the bankrupt act, a discharge from its debts is prohibited to a bankrupt corporation, a debt against it is not discharged, though proven; and the provision of section 21 prohibiting a creditor who has proved his debt from maintaining a suit therefor, does not apply as against a creditor of such corporation.

It follows, therefore, that the mere proving of their claim against a corporation by the plaintiffs, on whose petition, together with other creditors, the company was thrown into bankruptcy, did not restrain them from further proceedings to enforce their claim by suit, and that they are not released from a compliance with the statute which requires the issue and return of an execution unsatisfied, either in whole or in part, before a right of action accrues against a stockholder (*Laws of 1848, chap. 40, sec. 24*).

A compliance with the statutes of this state which give a right of action against the stockholders must be alleged in the complaint. If not so alleged a demurrer will lie.

*Special Term, May,* 1878.

DEMURRER to complaint.

This is an action, brought by the plaintiff against the defendant, to recover the sum of $1,575.20 with interest.

The defendant demurs to the complaint upon the ground that the complaint does not state facts sufficient to constitute a cause of action (*Code of Civil Procedure, sec.* 488, *sub.* 8).

*D. H. Ritterband,* for defendant. *Michael H. Cardozo,* of counsel.

I. It will be perceived that this is an attempt to charge the

defendant, as a stockholder of a corporation known as "The American Shovel Company," under and by virtue of the provisions of section 24 of the manufacturing corporation act of 1848. That section of the act is as follows:

" No stockholder shall be personally liable for the payment of any debt contracted by any company formed under this act which is not to be paid within one year from the time the debt is contracted, nor unless a suit for the collection of such debt shall be brought against such company within one year after the debt shall become due; and no suit shall be brought against any stockholder who shall cease to be a stockholder in any such company for any debt so contracted, unless the same shall be commenced within two years from the time he shall have ceased to be a stockholder in such company, nor until an execution against the company shall have been returned unsatisfied in whole or in part."

II. It cannot be disputed but that the action is purely a statutory one, and that, independently of the provisions of the act, no cause of action existed.

The corporation is but a creature of the statute to which it owes its existence, and to that statute alone must we look to ascertain its rights and liabilities and the rights and liabilities of those connected with it (*Gray* agt. *Coffin*, 9 *Cush.* [*Mass.*], 192, 199; *The Youghioghenny Shaft Co.* agt. *Evans*, 72 *Penn. St.*, 331, 334; *Pollard* agt. *Bailey*, 20 *Wall.*, 520, 526).

In *Gray* agt. *Coffin* (*ut supra*) chief-justice SHAW says: " To create any individual liability of members for the debt of a corporation, a body politic, created by law, and regarded as a legal being, distinct from that of all the members composing it, and capable of contracting and being contracted with as a person, is a wide departure from established rules of law, founded in consideration of public policy, and depending solely upon provisions of positive law. It is, therefore, to be construed strictly, and not extended beyond the limits to which it is plainly carried by such provisions of statute."

In *The Youghioghenny Shaft Co.* agt. *Evans* (*ubi supra*), judge AGNEW says : " The liability of stockholders is secondary and the proceedings to enforce it statutory, not existing at common law. It was, therefore, held in several decisions that in such case the proceeding is governed wholly by the statute, and the rights and liabilities of the parties must be ascertained by it (*Brinham* agt. *Wellersburg*, 11 *Wright*, 45 ; *Hoard* agt. *Wilcox*, *id.*, 51)."

In *Pollard* agt. *Bailey* (*ut supra*) chief-justice WAITE says : " The individual liability of stockholders in a corporation for the payment of its debts is always a creature of statute. At common law it does not exist. The statute which creates it may also declare the purposes of its creation, and provide for the manner of its enforcement."

III. Assuming that the action against the stockholder is commenced within the time limited by the statute, two things must concur and be shown to exist, as against him, before the action can be maintained.

*First.* A suit for the collection of such debt must have been brought against such company within one year after the debt shall have become due.

*Second.* An execution against the company must have been returned unsatisfied in whole or in part.

This state of facts must, too, appear upon the face of the complaint, otherwise it is demurrable (*Lindsley* agt. *Simonds*, 2 *Abb. Pr.* [*N. S.*], 69, DANIELS, *J.* ; *Ricklessen* agt. *Masters*, *city court of Brooklyn, gen. term*, 1878, *April*, McCUE *and* REYNOLDS, *JJ.*).

IV. It is apparent that, in this case, the pleader has wholly omitted to state that any action has ever been commenced against the shovel company for the recovery of the claims against it, stated in the complaint, and hence of necessity no judgment could have been recovered therefor and no execution could have been issued thereon.

The complaint does, however, allege that on August 19, 1876, a petition was filed by the plaintiff on account of the

indebtedness in the complaint alleged, and other creditors in the district court of the United States for the district of Connecticut, under the Revised Statutes of the United States, title Bankruptcy, for the adjudication of the American Shovel Company, a bankrupt; that thereafter said company appeared and such proceedings were had; that prior to January 13, 1877, said company was adjudicated a bankrupt, and that said plaintiff has proved its claim in bankruptcy against it, and it may fairly be presumed that the theory of the plaintiff's counsel is that this allegation is equivalent to and intended as a substitute for the statutory requirements to which allusion is above made.

It is confidently submitted, however, that this is not so.

(a) The law is undisputed that a discharge is prohibited to a bankrupt corporation. The statute is clear and explicit (*U. S. Stats. at Large, vol.* 15, *p.* 517, *sec* 37; *and U. S. Rev. Stats., sec.* 5122), Our own court of last resort and the highest court of the nation have, in the most distinct and emphatic terms, declared that such is the law (*The Ansonia Brass and Copper Co.* agt. *The New Lamp Chimney Co.*, 53 *N. Y.*, 123; *and New Lamp Chimney Co.* agt. *Ansonia Brass and Copper Co.* [*same case*], 1 *Otto.* 656).

(b) Since, then, a corporation, when once in bankruptcy, cannot obtain a discharge from its debts, does the fact that a corporation is in bankruptcy, *ipso facto*, prevent a creditor thereof from suing and obtaining a judgment against such corporation, and issuing an execution thereon?

It is clearly established that the bankruptcy of the corporation does not have this effect?

This precise point was adjudicated in the case of *The Ansonia Brass and Copper Company* agt. *The New Lamp Chimney Company* (*ut supra*).

The court of appeals in this case unanimously decided, judge FOLGER writing the opinion (53 *N. Y.*, 124), that, as a discharge is prohibited to a bankrupt corporation, a debt against it is not discharged, though proven; and that the

section prohibiting a creditor who has proved his debt from maintaining a suit therefor does not apply as against a creditor of such corporation. And this view of the bankrupt act was upheld, without a dissenting voice, in the supreme court of the United States (*See judge* CLIFFORD's *opinion*, 1 *Otto, pp.* 657, 667).

This learned judge, at page 666, says: " Many corporations, it is known, are formed under laws which affix to the several stockholders an individual liability, to a greater or less extent, for the debts of the corporation, which, in case certain steps are taken by the creditors, become, in the end, the debts of the stockholders. Such a liability does not, in most cases, attach to the stockholder until the corporation fails to fulfill its contract, nor, in some cases, until judgment is recovered against the corporation and execution issued, and return made of *nulla bona.* Stockholders could not be held liable in such a case if the corporation is discharged, nor could the creditor recover judgment against the corporation as *a necessary preliminary step* to the stockholder's individual liability."

It is a well-known fact that our present bankrupt act is founded upon the insolvent law of Massachusetts; and there, in the case of *Coburn* agt. *Boston Papier Mache Manufacturing Company* (10 *Gray*, 243), SHAW, Ch. J., it was held that proving a claim against a corporation in insolvency, under the Massachusetts Statutes of 1851 (*chapter* 327), and receiving a dividend thereon, would not bar a suit against the corporation for the rest of the debt. At page 244, the learned judge says : " The defendant's counsel contends and argues that, though they have appeared by attorney in this suit and answered, yet that the proceedings in insolvency amount to a total extinguishment of the corporation, and that the suit must, therefore, necessarily abate ; but the court are of opinion that there are no provisions in the statute and no circumstances in this case to warrant this conclusion. There is nothing in the proceedings to prevent their continuing to accomplish the end and purpose of their existence, at least until their fran-

·chise or right to act as a corporation is sold under one of the provisions of the statute, if, indeed, such sale would have the effect."

(*c*) The case of *Shellington* agt. *Howland* (53 *N. Y.*, 371) is in no way in conflict with the position for which the defendant here contends.    In that case, in March, 1870, the plaintiff commenced an action before a justice of the peace against The Penfield Paper Company, and before it was determined the defendant Howland, who was a creditor thereof and a stockholder therein, instituted such proceedings against the company, that on the 15th of March, 1870, it was declared a bankrupt; and on that day, on motion of the petitioning creditor, the defendant Howland, an injunction was granted by the district court of the United States restraining the plaintiff from prosecuting his action against the company. Of course, under these circumstances, the court held, when the action was brought against the defendant to enforce his liability as such stockholder, that he having by his own act prevented the performance of the condition precedent, he could not be heard to object to its non-performance.    And the entire opinion of judge ALLEN shows that this is the only ground of the decision.

On the other hand, here the plaintiff alleges expressly that the corporation, of which it was a creditor, was adjudicated a bankrupt on the petition of it and other creditors.    *Non constat*, therefore, but for its action in joining in the petition this corporation would never have been declared a bankrupt. How, therefore, by a parity of reasoning, can it claim any relief from complying with this "condition precedent" when it has itself (let us assume for the purposes of the argument) placed it beyond its ·power to comply therewith.    Surely it should not be relieved from the consequences of its own act, the effect of its own wrong.

V. In the recent case of *Kincaid* agt. *Dwinelle* (59 *N. Y. R.*, *p.* 548) it is expressly held that a corporation (organized under the manufacturing act of 1848), which had even been

enjoined from the exercise of its corporate franchises and deprived of its property and thus had ceased to exist for all practical purposes, was not thereby actually dissolved; and that it could not be dissolved, save by the judgment of a court of competent jurisdiction, and that until such judgment was rendered creditors might proceed by suit against it.

Judge ALLEN, in his able opinion, reviews all the authorities and (*page* 552) expressly says, that "To effect a dissolution of a corporation there must be the judgment of a court of competent jurisdiction declaring it dissolved; and until such judgment creditors may proceed by suit against the corporation, unless restrained by injunction," citing *People* agt. *President of Manhattan Company* (9 *Wend.*, 351), *In re Reformed Presbyterian Church* (7 *How. Pr.*, 476), *Mickles* agt. *Rochester City Bank* (11 *Paige*, 118).

The well known case of *Slee* agt. *Bloom* (19 *Johns. R.*, 456) is examined and shown to be of no application.

Neither is *Penniman* agt. *Briggs* (1 *Hopkins*, 300; *S. C.*, 8 *Cowen*, 387) of any moment on the question at bar.

They were decisions under the seventh section of the manufacturing corporation act, passed March 22, 1811 (*chapter* 67). (*See* 1 *Revised-Laws*, 1813, *pp.* 245, 247).

Section 7 of this act in terms provided "that for all debts which shall be due and owing by the company at the time of its *dissolution* the persons then composing such company shall be individually responsible to the extent of their respective shares of stock in the said company and no further." And under this section, in *Slee* agt. *Bloom* (*ubi supra*), it was held where a corporation which was organized under this act in December, 1814, held, after December, 1817, no meeting of its trustees, and no act or business was done by the corporation, and on the 1st of February, 1818, all its property, real and personal, was sold by the sheriff on execution, was sufficiently *dissolved* to enable the creditor to maintain his action to enforce the individual liability under the statute.

And in *Penniman* agt. *Briggs* (*ut supra*) it was held that

where a corporation had had all its property sold on execution, was utterly insolvent, and had entirely ceased to act in any way as a corporation, it was sufficiently *dissolved* to permit the liability of the stockholder to be enforced.

These authorities do not aid the plaintiff here. No fixing of the liability of the corporation was required under the old statute. *Dissolution,* then, alone, was necessary, and of course *this* had taken place.

Now, clearly, the case is totally different. Surely the change in the statute must have some meaning. If possible, effect must be given to the language of the law. The court cannot legislate. It is neither its policy nor province to do so.

There is now no room for interpretation. The language of the statute is clear and explicit, and nothing but an impossibility of performance, caused by the stockholder himself, should be allowed to dispense with the " condition precedent " which the legislature has created. It is the stockholders' safeguard, for by it the creditor is compelled to first exhaust his remedy against the corporation.

VI. There should be judgment for the defendant on the demurrer, with costs.

*Erastus New*, of counsel for defendant, cited and relied upon *Shellington* agt. *Howland* (53 *N. Y.*, 371) and *The Ansonia Brass and Copper Company* agt. *The New Lamp Chimney Company* (*id.*, 123).

McCue, *J.* — I think the demurrer well taken. The plaintiff does not allege a compliance with the statutes of this state, which give a right of action against the stockholders of manufacturing corporations under certain conditions. One of the conditions is, that an execution against the company shall have been returned unsatisfied in whole or in part. The indebtedness of the American Shovel Company to the plaintiff matured October 16, 1876. On the 19th day of August, 1876, the company, on the petition of plaintiffs and other

creditors, was thrown into bankruptcy, and, on the 13th day of January, 1877, was duly adjudicated a bankrupt, and thereupon the plaintiffs made proof of their claim against the company. No other or further proceedings have been taken by plaintiffs to collect their claim. It is insisted by the plaintiffs that, inasmuch as the principal debtor became a bankrupt, they are relieved from the obligation to prosecute their claim any further, and that, by the adjudication in bankruptcy, they are now at liberty to sue the defendant, who is a stockholder in the company. The position is not tenable. The case of *Ansonia Brass Company* agt. *New Lamp Chimney Company* (53 *N. Y.*, 123) is a direct authority upon this point. It is there held that as, by section 357 of the bankrupt act, a discharge from its debts is prohibited to a bankrupt corporation, a debt against it is not discharged, though proven, and the provision of section 21, prohibiting a creditor who has proved his debt from maintaining a suit therefor, does not apply as against a creditor of such corporation. It follows, therefore, that the mere proving of their claim against the American Shovel.Company by the plaintiffs did not restrain them from further proceedings to enforce their claim by suit; and that they are not released from a compliance with the statute, which requires the issue and return of an execution unsatisfied, either in whole or in part.