THE BIRMINGHAM NATIONAL BANK, RESPONDENT, *v.* JAMES K. MOSSER AND THOMAS KECK, APPELLANTS.

*Liability of stockholder of a manufacturing company, while stock is not paid in full — Suit must first be brought against the company — excuse for not suing the company — Election of remedies.*

In order to maintain an action against the stockholders of a corporation to recover a debt due from the latter, on the ground that the capital stock has not been paid in in full, an action must have been brought against the corporation within one year after the debt became due ; and it is not a sufficient compliance with this requirement of the statute to show, that within the year a petition in bankruptcy was filed by the plaintiff and others against the company, upon which it was adjudged a bankrupt, and in which proceedings plaintiff duly proved his claim.

*Semble,* that the fact of the plaintiff acting as one of the petitioners in bankruptcy, evinced an election to pursue the remedy afforded by the Bankrupt Act, and to forego that given by the statute.

APPEAL from an order overruling a demurrer interposed to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action.

This action was brought to recover of defendants, as stockholders in the American Shovel Company, the amount of certain loans made by plaintiff to said company, while defendants were such

stockholders. The defendants are sought to be charged with this indebtedness, on the ground that the capital stock of said company has not been paid in. The claims in suit became due in September, 1876. In August, 1876, proceedings in involuntary bankruptcy were instituted against said company by the plaintiff and other creditors, and in January, 1877, said company was duly adjudicated a bankrupt under the United States Bankrupt Act. The plaintiff duly proved its claims in those proceedings, but no judgment has been obtained on said claims against said company. Defendants demurred to the complaint, on the ground it did not state facts sufficient to constitute a cause of action. The demurrer was overruled, and defendants appealed.

*Michael II. Cardoza,* for the appellants.

*Erastus New,* for the respondent.

GILBERT, J.:

The tenth section of the statute authorizing the formation of corporations for manufacturing purposes (Laws of 1848, ch. 40), makes the stockholders of each company severally individually liable to the creditors thereof to an amount equal to the amount of stock held by them respectively, for all debts and contracts made by the company, until the whole amount of the capital stock of such company shall have been paid in, and a certificate thereof shall have been made and recorded. Taking this section alone, there would be no question of the liability of the defendants. But the twenty-fourth section of the same statute provides that no stockholder shall be personally liable for the payment of any debt contracted by any company formed under that act, unless a suit for the collection of such debt shall be brought against such company within one year after the debt shall become due. And inasmuch as the instituting of a suit only, would be productive of no benefit to the stockholder, it has been held, that a proper construction of this section requires that the suit should be consummated by a judgment and execution. (*Lindsley* v. *Simonds,* 2 Abb. [N. S.], 69.) However that may be, the statute unquestionably requires a suit to be brought. The language is too plain to admit

of any dispute. Nor can the court refuse to give effect to the statute, because they can discover no sufficient reason for requiring a suit to be brought. It is a positive requirement, and must be enforced. Here no suit for the collection of the debt in question has been brought against the company. If an excuse might be allowed for a non-compliance with a condition precedent to the right of action, none has been shown. The proceeding in bankruptcy was not a suit within the meaning of the statute ; nor was it one for the collection of the debt in any sense. Nor did such proceeding destroy the right of action against the company. (*Ansonia B. & C. Co.* v. *New Lamp-Chimney Co.*, 53 N. Y., 123; S. C., 1 Otto, 650 ; *Kincaid* v. *Dwinelle*, 59 id., 548.) It did suspend such right of action, but the plaintiff was one of the petitioners in that proceeding, and cannot take advantage of its own act to defeat the operation of the statute. Such act is rather evidence of an election to pursue the remedy afforded by the Bankrupt Act, and to forego those given by the State statute. It does not appear that an action against the company would have been fruitless, if the proceeding in bankruptcy had not been taken. But, however that may be, the statute makes the prosecution of such suit a condition precedent to the right of action against a stockholder. We have no power to dispense with such a condition, except upon grounds arising from the conduct of the defendants, or which can be imputed to them.

The order appealed from should be reversed and the demurrer sustained, with costs and disbursements.

DYKMAN, J., concurred.

Present—BARNARD, P. J., GILBERT and DYKMAN, JJ.

Order overruling demurrer reversed and demurrer sustained, with leave to plaintiff to amend in twenty days, on payment of costs.