JAMES TALCOTT, Plaintiff, v. JACOB HARRIS AND
ABRAHAM BERGER, Defendants.

*Composition in bankruptcy — does not avoid a debt fraudulently contracted — how
and when to avoid the defence of a composition in bankruptcy fraud may be
proved in an action on contract — right of defendant to disprove it.*

In an action to recover for goods sold and delivered to the defendant, where a
money judgment was demanded, the defendant pleaded a composition in
bankruptcy, in which the plaintiff had joined.

*Held,* that the plaintiff might, upon the trial, put in evidence an order of arrest
in the action, and the affidavits upon which it was granted, to prove fraud in
the contracting of the debt and thereby avoid the effect of the said composi-,
tion.

*Held,* further, that the defendant was entitled to introduce evidence to disprove
such allegation of fraud.

Motion for a new trial on exceptions ordered to be heard
in the first instance at the General Term, after a verdict in favor
of the plaintiff directed at the circuit.

The action was brought to recover for goods sold and delivered
by the plaintiff to the defendants.  The defendants set up as a
defence a composition in bankruptcy, in which the plaintiff had
joined.  The plaintiff put in evidence an order for the arrest of
the defendants made in this action and the affidavits in support
thereof.  The defendants offered evidence to show that they had
not been guilty of fraud, which evidence was rejected.

*Hatch & Van Allen,* for the plaintiff.  A discharge in bank-
ruptcy does not affect fraudulent debts.  (Section 5117 U. S.
Revised Statutes; *Frieberg & Workum* v. *Popper,* 12 Hun,
658; *Libbey* v. *Strasburger,* 6 N. Y. Week'y Dig., 265; *Ansonia
Brass and Copper Co.* v. *The Lamp Chimney Co.,* 53 N. Y., 123;
*Haas* v. *O'Brien,* 66 id., 603.)  Proceedings for a composition in
bankruptcy under the act of June 22, 1874 (section 17), do not
operate to discharge debts fraudulently contracted; the language
of said section is subject to the limitation of section 5117 of the
United States Revised Statutes.  (*Leggett* v. *Bartan,* 19 Alb.
Law Jour., 136 [N. J. Sup. Ct.]; *Reid* v. *Martin,* 4 Hun, 590;

*Mudge* v. *Wilmont,* reported in Daily Register, August 1, 1878.) The order of arrest and the affidavits upon which the same were granted was part of the proceedings in the action of which the court will take judicial notice, and were properly admitted in evidence, and the order of arrest is *res adjudicata* on the question of fraud. (*Smith* v. *Knapp,* 30 N. Y., 589; *Tuska* v. *O'Brien,* 68 id., 446, *Humphrey* v. *Brown,* 17 How., 481, 484; *Cheney* v. *Garbutt,* 5 id., 467; *Cornwin* v. *Freeland,* 6 N. Y., 560; *Steele* v. *Palmer,* 11 Abb., 62.)

*L. A. Gould* and *S. M. Ehrlich,* for the defendants

INGALLS, J. :

This action was brought by the plaintiff to recover against the defendants for goods sold and delivered to them by the plaintiff, and a judgment was demanded for $1,241.10, with interest thereon. The defendants, by their answer, interposed as a defence a composition in bankruptcy. Upon the trial the defendants produced evidence in support of such defence, and the plaintiff, in reply thereto, put in evidence subject to the defendants' objection and exception, an order of arrest in the action, with the affidavits upon which the said order was granted. It is insisted by the counsel for the defendants, that the plaintiff having elected to bring this action upon the contract, thereby waived the fraud and could not insist upon it at the trial as an answer to the bankruptcy proceedings. We cannot assent to that proposition. The statute of the United States (section 5117), provides :

"No debt created by the fraud or embezzlement of the bankrupt. or by his defalcation as a public officer, or while acting in any fiduciary character, shall be discharged by proceedings in bankruptcy ; but the debt may be proved, and the dividend thereon shall be a payment on account of such debt."

This statute is aimed at fraud in the creation of the debt, and not at the remedy — and hence it becomes immaterial in what precise form the question is presented to the court ; whenever it is shown to the court that such debt was fraudulently contracted by the defendant, the defence must fail. (*Libbey* v. *Strasburger,* 6 N. Y. Week'y Dig., 265; *Freiberg & Workum* v. *Popper,* 12 Hun,

658; *Ansonia B. and C. Co.* v. *The Lamp C. Co.*, 53 N. Y., 123 ; *Reid* v. *Martin*, 4 Hun, 590.) The plaintiff was at liberty to bring the action in the form which he adopted, and no reply to the answer setting up the bankruptcy proceeding was necessary — and the plaintiff was properly allowed to prove the fraud upon the trial with the view to bring his case within the prohibition of such statute. It is quite clear from the statute, and the decisions to which we have referred, that the plaintiff did not, by joining in such composition, preclude himself from insisting upon the fraud of the defendants as an answer to the bankruptcy proceedings. The defendants further insist that the order of arrest, and the accompanying affidavits, were improperly received as evidence to establish fraud in the creation of the indebtedness upon which the plaintiff sought to recover. While we do not regard the question entirely free from difficulty, yet we think they were properly received, and unexplained or uncontradicted were sufficient to establish the fraud of the defendants in creating the debt, and justified the court in so holding at the trial. The procuring of the order of arrest was a proceeding in the action, and was based upon the fraud of the defendants in contracting the debt in question, and we are justified in assuming that the defendants acquiesced in the propriety of such order and the sufficiency of the affidavits upon which it was granted, as no motion had been made to vacate the order previous to the trial. (*Smith* v. *Knapp*, 30 N. Y., 589; *Humphrey* v. *Brown*, 17 How., 481; *Corwin* v. *Freeland*, 6 N. Y., 560.)

The defendants' counsel requested that the question of fraud should be submitted to the jury, and that the defendants be allowed to offer evidence in respect thereto. These offers were rejected by the court, and the defendants excepted to the decision. While the form in which these requests were presented are subject to some criticism, yet we think a substantial right was denied the defendants in not allowing them by evidence at the trial to combat, and if possible, overcome, the force of the affidavits put in evidence by the plaintiffs. The defendants were at liberty to apply to have the order of arrest vacated at any time before the entry of final judgment. (Section 567 of the Code of Civil Procedure.) Consequently, their rights in that respect were not con-

cluded at the time of the trial. When the plaintiff resorted to the affidavits as evidence, upon the trial, to establish the fraud of the defendants, we think the latter should have been allowed to disprove such fraud if they were able to do so by competent evidence. The order of arrest should not, in our judgment, under the circumstances, have been regarded *res judicata* in such sense as to exclude the evidence offered by the defendants at the trial.

A new trial is ordered, with costs to abide the event.

BRADY, P. J., concurred.

Present — BRADY, P. J., and INGALLS, J.

New trial ordered, with costs to abide event.