Woolworth *et al.* agt. Taylor.

## N. Y. MARINE COURT.

CALVIN E. WOOLWORTH *et al.* agt. MARY A. TAYLOR.

*Execution where real property has been attached — what the command to the sheriff should require — Execution and sheriff's certificates of sale, if incorrect, may be amended in accordance with notice of sale — Code of Civil Procedure, sections 649, 708, 1369.*

In issuing an execution in a case where real property has been attached, the command to the sheriff should, among other things, require him to satisfy the judgment out of the real property belonging to the judgment debtor " on the day when the attachment was levied thereon," and on the day when the judgment was so docketed.

In this respect sections 649, 708 (*sub.* 2) and 1369 of the Code of Civil Procedure are all to have operation in harmony.

Where the notice of sale is correct as to date of the attachment lien, the execution and certificates of sale made thereon may, if inaccurate, be amended, *nunc pro tunc,* to conform to the fact.

*Special Term, September,* 1881.

MOTION by purchaser to compel the sheriff to amend certificate of sale, and for other relief, &c.

*Smith & Bowman,* for petitioner.

*Knox & McLean,* for sheriff.

McADAM, *J.* — The petition shows that the real estate described in the certificates of sale was, on the 22d day of July, 1880, duly levied upon by the sheriff, under the warrant of

attachment issued herein on that day. This levy created a lien upon such property (*Code of Civil Pro.*, *sec.* 649), which was enforceable by sale under the execution subsequently issued upon the judgment (*Code of Civil Pro.*, *sec.* 708, *sub.* 2). The notice of sale refers to the date of such lien (July 22, 1880), and offers for sale "all the right, title and interest which the judgment debtor had in said property on that day," and this is the title which the petitioner purchased.

The sheriff's certificates purport to convey the right, title and interest which the judgment debtor had in the property "on the 26th of July, 1880," the day on which the judgment was docketed. This is incorrect, because it is not in accordance with the notice of sale. The certificates must, therefore, be amended so as to conform to the fact. The language of the command in the execution probably led to the error. By this the sheriff is, among other things, directed to satisfy the judgment "out of the real property in (his) county belonging to such judgment debtor on the day when the judgment was so docketed." It should have read "out of the real property in (his) county belonging to such judgment debtor, on the 22d day of July, 1880, when the attachment issued herein was levied thereon, and on the day when the judgment was so docketed." The execution is the authority for the sale, and it ought to be sufficiently comprehensive to embrace every interest intended to be sold. The omission may be supplied, however, by amendment *nunc pro tunc*, under the prayer for other relief ( *Williams* agt. *Rogers*, 5 *Johns.*, 163 ; *Same* agt. *Hogeboom*, 22 *Wend.*, 648 ; *Boyd* agt. *Vanderkemp*, 1 *Barb. Ch.*, 273 ; *Holmes* agt. *Williams*, 3 *Cai.*, 98 ; *S. C.*, *Col. & Cai. Cases*, 449 ; *Code of Civil Pro.*, *sec.* 721). The execution as directed to be amended will intelligently comprehend the lien created by the levy of the attachment, as well as that created by the docketing of the judgment. In this respect sections 649, 708 (*sub.* 2) and 1369 of the Code of Civil Procedure are all to have operation in harmony (*see Ansonia Brass and Copper Co.* agt. *N. Y. Lamp Chimney Co.*, 53

*N. Y.*, 125). Thus construed and practically acted upon, the direction to the sheriff becomes intelligible, and his duty is made clear. The amendment of the execution is first in order, and the other follows as of course.

So ordered.